887 P.2d 1029

Thomas LEPERE, Plaintiff–Appellant,

v.

UNITED PUBLIC WORKERS, LOCAL 646, AFL–CIO, Defendant–Appellee.

No. 15795.

Supreme Court of Hawai'i.

Jan. 26, 1995.

Thomas Lepere, on the brief, petitioner-appellant, pro se.

Herbert R. Takahashi, on the brief, Honolulu, for respondent-appellee.

Before MOON, C.J., LEVINSON and NAKAYAMA, JJ., MILKS, Circuit Judge in Place of KLEIN, J., recused, and NAKATANI, Circuit Judge, assigned by reason of vacancy.

NAKAYAMA, Justice.

In May 1990, plaintiff-appellant Thomas Lepere filed a complaint against his union, defendant-appellee United Public Workers, Local 646, AFL–CIO (UPW), in the Circuit Court of the First Circuit, State of Hawai'i. The complaint stemmed from UPW's refusal to submit Lepere's grievance (against his employer) to arbitration. The circuit court, upon motion by UPW, dismissed Lepere's complaint *without prejudice*, with the caveat that if Lepere failed to file a motion for reconsideration by June 8, 1991, the complaint would be dismissed *with prejudice*. Thereafter, Lepere filed a motion for reconsideration on May 20, 1991, but the circuit court denied the motion. UPW then moved, pursuant to Hawai'i Rules of Civil Procedure Rule 11 (HRCP Rule 11), for an order requiring Lepere and Arthur Ross[1] to pay its reasonable expenses, including attorney's fees, incurred in defending Lepere's complaint. On September 20, 1991, the circuit court granted UPW's motion for HRCP Rule 11 sanctions against Lepere and ordered him to pay UPW its costs and attorney's fees. However, the circuit court denied the motion for HRCP Rule 11 sanctions against attorney Arthur Ross. Lepere appealed.

On appeal, the Intermediate Court of Appeals (ICA) affirmed the circuit court's order dismissing Lepere's complaint for lack of subject matter jurisdiction. *Lepere v. United Public Workers, Local 646, AFL–CIO,* —— Haw. ——, 849 P.2d 82 (App.1993) (mem.). In addition, the ICA affirmed the circuit court's order granting in part and denying in part UPW's motion for HRCP Rule 11 sanctions. *Id.* Lepere petitioned this court for a writ of certiorari, which we granted on May 4, 1993.

Because we believe that the ICA properly concluded that the circuit court lacked subject matter jurisdiction to entertain Lepere's complaint, we affirm the ICA's holding on the motion to dismiss. However, for the reasons set forth below, we reverse in part the ICA's holding with respect to the HRCP Rule 11 sanctions and the circuit court's calculation of attorney's fees.

## I. BACKGROUND

In May 1988, Lepere worked as an Adult Corrections Officer at O'ahu Community Correctional Center. The State of Hawai'i Department of Corrections informed Lepere by letter, dated July 26, 1988, that he would be suspended from duty for ten days, effective August 3, 1988, for allegedly sleeping on duty on May 6, 1988. Lepere filed a grievance with UPW on August 1, 1988. UPW conducted an investigation of the incident and concluded that there was justification for the sleeping on duty charge. Accordingly, UPW decided against submitting the grievance to arbitration.

On October 16, 1989, Lepere filed a complaint in the Regular Claims Division of the District Court of the First Circuit, State of Hawai'i. The district court dismissed the complaint for lack of subject matter jurisdiction. On February 6, 1990, Lepere filed a complaint with the Hawai'i Labor Relations Board (HLRB). However, because Lepere failed to file within the ninety-day statutory filing period, the HLRB dismissed the complaint.

Finally, on May 1, 1990, Lepere filed a civil complaint against the UPW in the Circuit Court of the First Circuit, State of Hawai'i. UPW moved the circuit court to dismiss the complaint for lack of subject matter jurisdiction. On May 8, 1991, the circuit court orally granted UPW's motion to dismiss *without prejudice*. However, the circuit court also ordered that Lepere's complaint be dismissed *with prejudice* if Lepere did not file a motion for reconsideration by June 8, 1991. Thereafter, on May 20, 1991, Lepere filed a motion for reconsideration, which the circuit court denied on July 16, 1991.

---

1. Lepere retained attorney Arthur Ross to effectuate service of his complaint.

Prior to the circuit court's ruling on Lepere's motion for reconsideration, UPW filed a motion for sanctions and an order directing that Lepere and attorney Ross pay reasonable expenses, including attorney's fees. On September 20, 1991, the circuit court filed an order that denied the motion for HRCP Rule 11 sanctions against Ross, but granted the motion for HRCP Rule 11 sanctions against Lepere and ordered that he pay reasonable expenses, including attorney's fees, to UPW in the amount of $7,231.00.

## II.  STANDARD OF REVIEW

■ All aspects of a HRCP Rule 11 determination should be reviewed under the abuse of discretion standard. *In the Matter of the Tax Appeal of Hawaiian Flour Mills, Inc.*, 76 Hawai'i 1, 15, 868 P.2d 419, 433 (1994). The trial court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990)).

## III.  DISCUSSION

■ The narrow issue before this court is whether the circuit court abused its discretion by ordering a pro se [2] plaintiff to pay defendant's attorney's fees, where attorney's fees were generated in part by the court's order (to plaintiff) to file a motion for reconsideration.

HRCP Rule 11 provides in relevant part:

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, *including a reasonable attorney's fees.*

(Emphasis added.)

■ HRCP Rule 11 is modeled after the Federal Rules of Civil Procedure Rule 11 (FRCP Rule 11), before its recent amendments.[3] In 1983, the United States Supreme Court promulgated amendments to FRCP

---

**2.** It is important to note at the outset that Lepere proceeded pro se in this case (with the exception of the service of his complaint and the filing of one memorandum of law). "In some instances, a plaintiff's pro se status might warrant a court's refusal to impose any costs or attorney's fees." *Damiani v. Adams,* 657 F.Supp. 1409, 1419 (S.D.Cal.1987). However, "[t]he right of self-representation is not a license to abuse the dignity of the courtroom." *Faretta v. California,* 422 U.S. 806, 835 n. 46, 95 S.Ct. 2525, 2541 n. 46, 45 L.Ed.2d 562 (1975). "Neither is it a license not to comply with the relevant rules of procedural and substantive law." *Id.* Although courts in other jurisdictions do not afford pro se litigants immunity from Rule 11 sanctions, the vast majority of courts tend to hold pro se litigants to a lower standard of accountability. *See, e.g., Posner v. Minnesota Min. & Mfg. Co., Inc.,* 713 F.Supp. 562 (E.D.N.Y.1989) (recognizing that a party's appearance pro se must be factored into reasonableness standard when considering whether to impose Rule 11 sanctions); *Ferreri v. Fox, Rothschild, O'Brien & Frankel,* 690 F.Supp.

400 (E.D.Pa.1988) (refusing to impose Rule 11 sanctions where pro se plaintiff's lack of legal training made it reasonable for him to believe his claim was brought in the proper forum); *Babigian v. Association of Bar of City of New York,* 144 F.R.D. 30 (S.D.N.Y.1992) (noting that pro se plaintiffs are held to a lower standard of accountability than attorneys, at least with respect to conducting a reasonably objective inquiry into legal basis for the claim). We agree with those jurisdictions which hold that a court should take into account a litigant's pro se status before imposing Rule 11 sanctions. *See Harris v. Heinrich,* 919 F.2d 1515 (11th Cir.1990); *Vukadinovich v. McCarthy,* 901 F.2d 1439 (7th Cir.1990), *cert. denied,* 498 U.S. 1050, 111 S.Ct. 761, 112 L.Ed.2d 780 (1991).

**3.** FRCP Rule 11 was amended on April 22, 1993, effective December 1, 1993. However, the amendments are not relevant to our analysis because HRCP Rule 11 is modeled after FRCP Rule 11 as amended in 1983.

Rule 11 that set a more demanding standard for establishing the propriety of court filings. Prior to the 1983 amendments, FRCP Rule 11 simply required "good grounds" for bringing a claim, and the court could impose sanctions in its discretion. As a result of the 1983 amendments, however, a party must conduct a "reasonable inquiry" to assure that all pleadings and motions are "well grounded in fact and [are] warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law[.]" In addition, the pleadings and motions must "not be interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation." An attorney's subjective good faith, then, does not provide a cloak of protection from FRCP Rule 11 sanctions. Likewise, even though a court may take into account a litigant's pro se status, a pro se litigant's subjective sincere belief in his or her claim is not sufficient to satisfy the mandates of FRCP Rule 11.

■ We have little doubt that Lepere genuinely believed in the merits of his claim, but that was not enough. HRCP Rule 11, like its federal counterpart prior to its 1993 amendment, directs that the claim be "well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law[.]" Although Hawai'i Revised Statutes § 89–14 clearly precluded Lepere from bringing his prohibited practices complaint in the circuit court, Lepere adamantly pursued his claim. The question then becomes: Did Lepere make a good faith argument for the extension, modification, or reversal of existing law?

■ Lepere, as appellant, had a duty to include the relevant transcripts of proceedings as a part of the record on appeal.[4] Because the record on appeal does not contain any transcripts of the relevant hearings, we can only assume that the circuit court answered this question in the negative (or else deemed that the claim was brought for an "improper purpose"); we therefore have an insufficient basis in the record before us to conclude that the circuit court abused its discretion in reaching that determination. We hold, then, that Lepere, as appellant, failed to meet his burden of establishing that the circuit court abused its discretion in determining that he violated HRCP Rule 11.[5]

■ Having determined that Lepere violated HRCP Rule 11, the circuit court had no choice but to sanction Lepere, inasmuch as HRCP Rule 11 states that the court, upon finding a violation, "*shall* impose ... an appropriate sanction[.]" (Emphasis added.) As a result, the circuit court awarded UPW its costs and attorney's fees for its *entire* defense of Lepere's claim. Lepere contends that awarding attorney's fees for the defense of his motion for reconsideration was an abuse of discretion because the circuit court "essentially directed" him to file a motion for reconsideration. (Opening Brief at 17). We agree.

On May 8, 1991, the circuit court issued a written order granting UPW's motion to dismiss. However, Lepere objected to the order and refused to approve it. The contents of the May 8, 1991 order are essentially the same as the written order filed on June 26, 1991, which states in pertinent part:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant's Motion to Dismiss is hereby granted *without prejudice*.

4. Lepere had a duty, pursuant to Hawai'i Rules of Appellate Procedure Rule 10 (HRAP Rule 10), to include the relevant transcript of proceedings as part of the record on appeal. HRAP Rule 10(b)(1) and (2) provides in relevant part:
    (b) The Transcript of Proceedings; Duty of the Appellant to Order; Notice to Appellee if Partial Transcript is Ordered.
    (1) Within 10 days after filing the notice of appeal the appellant shall order from the reporter a transcript of such parts of the proceedings as he [or she] deems necessary which are not already on file....
    (2) If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he [or she] shall include in the record a transcript of all evidence relevant to such finding or conclusion.

5. "The burden of establishing abuse of discretion is on appellant, and a strong showing is required to establish it." *State v. Estencion*, 63 Haw. 264, 267, 625 P.2d 1040, 1043 (1981) (citations omitted).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that if Plaintiff fails to file a Motion for Reconsideration by June 8, 1991, the Defendant's Motion to Dismiss shall be granted *with prejudice.*

There are no remaining parties. There is a remaining issue regarding a Motion for Rule 11 sanctions.

(Emphasis added.)

The motion to dismiss was heard on May 8, 1991. Although the record on appeal contains no transcripts, we can reasonably infer from the court records, files, and order filed on June 26, 1991 that the circuit court essentially directed Lepere to file a motion for reconsideration at the conclusion of the May 8, 1991 hearing. We believe that a reasonable person (certainly a reasonable pro se plaintiff) would conclude that the circuit court order meant that it was imperative to file a motion for reconsideration. Indeed, it appears, and UPW does not dispute, that Lepere filed his motion for reconsideration as a result of the mandate in the order granting UPW's motion to dismiss. As such, we believe that awarding attorney's fees for the defense of Lepere's motion for reconsideration constituted an abuse of discretion, especially in light of the fact that Lepere proceeded pro se.

Accordingly, we hold that, although HRCP Rule 11 sanctions were warranted, the circuit court abused its discretion by awarding attorney's fees attributable to UPW's defense of Lepere's motion for reconsideration.

## IV. CONCLUSION

For the foregoing reasons, we: (1) affirm the ICA's holding that affirmed the circuit court's order granting UPW's motion to dismiss; (2) vacate the ICA's holding with respect to granting UPW's motion for HRCP Rule 11 sanctions; and (3) remand this case to the circuit court for a recalculation of UPW's reasonable attorney's fees and costs, excluding from such calculations any amounts attributable to Lepere's motion for reconsideration.