80 P.3d 974

Janie DITTO, Plaintiff–Appellant/Cross–Appellee,

v.

John A. McCURDY, Jr., M.D., Defendant–Appellee/Cross–Appellant,

and

Karla Scarpiova, Defendant,

and

Pacific Century Trust, fka Hawaiian Trust Company, Limited, Garnishee–Appellee/Cross–Appellant.

No. 23851.

Supreme Court of Hawai'i.

Dec. 3, 2003.

David C. Schutter and Christopher A. Dias, Honolulu, (of Schutter Dias Smith & Wong), for plaintiff-appellant/cross-appellee Janie Ditto.

Gary G. Grimmer, Honolulu, and Neil J. Verbrugge (of Carlsmith Ball LLP), for defendant-appellee/cross-appellant John A. McCurdy, Jr., M.D. and garnishee-appellee/cross-appellant Pacific Trust Company, Limited.

MOON, C.J., LEVINSON, NAKAYAMA, ACOBA, and DUFFY, JJ.

Opinion of the Court by MOON, C.J.

In this consolidated appeal, plaintiff-appellant/cross-appellee Janie Ditto, defendant-appellee/cross-appellant John A. McCurdy, Jr., and garnishee-appellee/cross-appellant Pacific Century Trust, fka Hawaiian Trust Company, Limited [hereinafter, PCT], appeal from the first circuit court's [1] March 24, 2000 order granting in part and denying in part McCurdy and PCT's motion for return of garnished funds and for attorneys' fees and costs and a September 28, 2000 "final" judgment. Ditto also appeals from the first circuit court's November 20, 2000 order denying her motion to set aside and/or to alter the judgment. Based on the discussion below, we *sua sponte* dismiss, for lack of jurisdiction, Ditto's appeal and McCurdy and PCT's cross-appeal from the March 24, 2000 order and September 28, 2000 "final" judgment. We affirm the November 20, 2000 order denying Ditto's motion to set aside and/or alter the judgment.

## I. BACKGROUND

### A. The Underlying Case

The facts of the underlying medical malpractice action are described in detail in prior opinions of the Intermediate Court of Appeals (ICA) and this court. *See Ditto v. McCurdy*, 86 Hawai'i 93, 947 P.2d 961 (App.), *vacated in part*, 86 Hawai'i 84, 947 P.2d 952 [hereinafter *Ditto I* ], *reconsideration denied*, 86 Hawai'i 84, 947 P.2d 952 (1997). Briefly stated, Ditto was disfigured as a result of breast augmentation surgery performed by McCurdy. In June 1992, a jury awarded Ditto $1,003,500 in general and special damages for negligence, $400,000 in damages for fraud, and $600,000 in punitive damages. Judgment was entered in July 1992 [hereinafter, the July 1992 Judgment].[2]

---

1. The Honorable Kevin S.C. Chang presided over the matters at issue on appeal.

2. We note that, in *Ditto I*, this court affirmed the July 1992 judgment as to the negligence claim but held that Ditto's fraud claim failed as a matter of law. 86 Hawai'i at 91–93, 947 P.2d at 959–61. Consequently, the jury's finding of liability with respect to fraud and the corresponding $400,000 in damages were reversed. *Id.* at 86, 947 P.2d at 954. Unable to ascertain how much of the punitive damages award was attributable to McCurdy's alleged fraud, we vacated the punitive damages award. *Id.* However, we affirmed McCurdy's liability for punitive damages on the ground that the jury most certainly had found McCurdy to be grossly negligent notwithstanding the erroneous fraud instructions. *Id.* at 91–92, 947 P.2d at 959–60. Accordingly, this court remanded the case for retrial solely on the issue of the amount of punitive damages to be awarded. *Id.* at 93, 947 P.2d 952, 947 P.2d at 961. On January 7, 1998, this court entered notice and judgment on appeal, stating in pertinent part that interest at ten percent per year, pursuant to Hawaii Revised Statutes (HRS)

## B. Garnishment and Ditto II

In October 1992, McCurdy filed a voluntary petition for bankruptcy in the United States Bankruptcy Court for the District of Hawai'i. As a result, *inter alia*, the July 1992 judgment against McCurdy was automatically stayed.

Following bankruptcy proceedings and relief from the automatic bankruptcy stay, Ditto initiated circuit court garnishment proceedings in October 1997 with respect to two of McCurdy's pension plans at PCT. Details of the garnishment proceedings are described in *Ditto v. McCurdy*, 90 Hawai'i 345, 348–50, 978 P.2d 783, 787–89 (1999) [hereinafter, *Ditto II* ]. Of relevance here is the circuit court's September 1998 garnishee order directing PCT to pay Ditto, in care of her attorneys, $65,910.00, the amount of funds placed into McCurdy's pension plans at PCT between December 1984 and December 1987. *See id.* at 351, 978 P.2d at 788. Although HRS § 651–124 (1993) provides that the right of a debtor to pension money is generally exempt from attachment, execution, seizure, or the other legal process, an exception is made for, *inter alia*, contributions made to a plan within three years before the date a civil action is initiated against the debtor.

The circuit court relied upon this exception in issuing its September 1998 garnishee order.

In *Ditto II*, this court held the HRS § 651–124 exception was preempted by section 206(d)(1) of ERISA, which prohibits garnishment of McCurdy's ERISA pension plan benefits. 90 Hawai'i at 359, 978 P.2d at 797. We, therefore, reversed the circuit court's September 1998 garnishee order and the underlying August 1998 order granting in part and denying in part Ditto's motion for issuance of garnishee summons after judgment. *Id.*

On November 16, 1999, McCurdy and PCT moved for return of the $65,910.00 in garnished funds and sought $83,191.25 in attorneys' fees and costs. Following a hearing on the matter, the circuit court granted McCurdy and PCT's motion as to the return of the garnished funds and for payment of $8,576.86 in costs, but denied McCurdy and PCT's request for attorneys' fees without prejudice [hereinafter, the March 24, 2000 order].[3] The matters disposed of in the March 24, 2000 order are the subject of the instant appeal.

On September 28, 2000, the circuit court entered a document titled "Final Judgment on Collateral Issue" based on the March 24, 2000 order [hereinafter, the September 28, 2000 judgment].[4] On October 9, 2000, Ditto

---

§ 478–3 (1993), should be applied to the affirmed $1,045,606.30 (i.e., $1,003,500 in general and special damages for negligence and $42,106.39 in costs not appealed) from the date of the July 1992 judgment.

Upon remand, a jury returned a verdict of $676,700 in punitive damages. In July 1999, the trial court entered judgment in the aforementioned amount.

3. The March 24, 2000 order stated in relevant part:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Motion is partly granted and in accordance with the Hawaii Supreme Court's Decision in [*Ditto II* ], the previously garnished funds in the amount of $65,910.00 shall be immediately returned by ... DITTO and her attorneys ... to [PCT], as Trustee for ... McCURDY's ERISA Qualified Pension Plans.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that [Ditto] and her attorneys ... shall pay to [PCT], as Trustee for ... McCURDY ERISA–Qualified Pension Plans interest on the amount of $65,910.00 at a rate of ten percent (10%) per annum from October 13, 1998 to the date aforesaid amount is paid in full.

IT IS HEREBY FURTHER ORDERED that ... DITTO shall pay [McCurdy and PCT]'s taxable costs in the amount of $8,576.86.

IT IS HEREBY FURTHER ORDERED that [McCurdy and PCT]'s request for attorneys' fees is denied without prejudice. [McCurdy and PCT] may renew their request for attorneys' fees and present the Court with a more complete record and additional legal authorities or may file a separate action.

4. The September 28, 2000 judgment provides in relevant part that, pursuant to the March 24, 2000 order:

Final judgment is hereby entered in favor of [PCT], as Trustee for ... McCurdy's ERISA-qualified pension plans[,] against [DITTO] and her attorneys ..., jointly and severally, in the amount of ... $65,910.00[] ... with statutory interest of ten percent (10%) per annum thereon from October 13, 1998, and

Final judgment is also entered in favor of [PCT], Trustee for ... McCurdy's ERISA-qualified pension plans[,] against [DITTO] in the additional amount of ... $8,576.86[].

moved to set aside and/or alter the September 28, 2000 judgment pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rules 59(e) and 60(b). On October 30, 2000, Ditto filed a notice of appeal from the March 24, 2000 order and the September 28, 2000 judgment, which was docketed under appeal No. 23851.

Ditto's motion to set aside and/or alter the September 28, 2000 judgment came on for hearing on November 14, 2000. On November 20, 2000, the circuit court denied Ditto's motion [hereinafter, the November 20, 2000 order]. On December 19, 2000, McCurdy and PCT filed a notice of cross-appeal (under appeal No. 23851) from those portions of the March 24, 2000 order and the September 28, 2000 judgment respecting attorneys' fees. On December 20, 2000, Ditto filed a notice of appeal from the November 20, 2000 order, which was docketed under appeal No. 23962. Upon McCurdy and PCT's request, we consolidated appeal Nos. 23851 and 23962 under No. 23851 by order dated March 13, 2001.

## II. STANDARD OF REVIEW

■ A circuit court's determination of an HRCP Rule 60 motion is reviewed for an abuse of discretion. *Amantiad v. Odum*, 90 Hawai'i 152, 158, 977 P.2d 160, 166 (1999) (citing *Island Ins. Co., Inc. v. Santos*, 86 Hawai'i 363, 366, 949 P.2d 203, 206 (App. 1997)) (citing *Richardson v. Lane*, 6 Haw. App. 614, 622, 736 P.2d 63, 69, *cert. denied*, 484 U.S. 953, 108 S.Ct. 345, 98 L.Ed.2d 371 (1987), *reh'g denied*, 484 U.S. 1037, 108 S.Ct. 764, 98 L.Ed.2d 781 (1988)).

## III. DISCUSSION

### A. Appellate Jurisdiction

#### 1. Appeal and Cross–Appeal from the March 24, 2000 Order and the September 28, 2000 Judgment (Appeal No. 23851)

■ "As a general rule, compliance with the requirement of the timely filing of a notice of appeal is jurisdictional, and we must dismiss an appeal on our motion if we lack

jurisdiction." *Grattafiori v. State*, 79 Hawai'i 10, 13, 897 P.2d 937, 940 (1995) (internal quotation marks and citations omitted). Indeed, it is well settled that an appellate court is under an obligation to ensure that it has jurisdiction to hear and determine each case and to dismiss an appeal on its own motion where it concludes it lacks jurisdiction. *Kernan v. Tanaka*, 75 Haw. 1, 15, 856 P.2d 1207, 1215 (1993), *cert. denied*, 510 U.S. 1119, 114 S.Ct. 1070, 127 L.Ed.2d 389 (1994) (citation omitted); *see Jenkins v. Cades Schutte Fleming & Wright*, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). The "lack of subject matter jurisdiction can never be waived by any party at any time." *Housing Fin. & Dev. Corp. v. Castle*, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995) (citing *Chun v. Employees' Retirement Sys.*, 73 Haw. 9, 14, 828 P.2d 260, 263, *reconsideration denied*, 73 Haw. 625, 829 P.2d 859 (1992)). Therefore, "[w]hen we perceive a jurisdictional defect in an appeal, we must, *sua sponte*, dismiss that appeal." *Familian Northwest, Inc. v. Cent. Pac. Boiler & Piping, Ltd.*, 68 Haw. 368, 369, 714 P.2d 936, 937 (1986) (citations omitted).

■ Bearing these tenets in mind, we are compelled to *sua sponte* dismiss, for lack of jurisdiction, Ditto's appeal and McCurdy and PCT's cross-appeal from the March 24, 2000 order and September 28, 2000 judgment. This court's jurisdiction over an appeal is limited to review of final judgments, orders, and decrees. HRS § 641–1(a) (1993).[5] A post-judgment order is an appealable final order under HRS § 641–1(a) if the order ends the proceedings, leaving nothing further to be accomplished. *Familian Northwest*, 68 Haw. at 370, 714 P.2d at 937. Correlatively, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action. *Id.* at 370, 714 P.2d at 937–38.

■ In this case, McCurdy and PCT's November 16, 1999 motion for return of garnished funds and for attorneys' fees and costs constituted a post-judgment proceeding

5. HRS § 641–1(a) states in relevant part:
 Appeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts and the land court, to the supreme court or to the intermediate appellate court, except as otherwise provided by law....

in civil case number 89–2262, the underlying malpractice action. As previously noted, the March 24, 2000 order granted in part and denied in part McCurdy and PCT's motion, ordering return of the $65,910.00 in garnished funds, awarding costs, and denying McCurdy and PCT's request for attorneys' fees. Because it disposed of all issues raised in McCurdy and PCT's November 16, 1999 motion, the March 24, 2000 order ended the post-judgment proceeding regarding the request for return of the $65,910.00 in garnished funds and for attorneys' fees and costs. The March 24, 2000 order left nothing further to be accomplished and was, therefore, final. *See Familian Northwest*, 68 Haw. at 370, 714 P.2d at 937; *Chun v. Board of Trustees of Employees' Retirement Sys. of State of Hawai'i*, 92 Hawai'i 432, 448, 992 P.2d 127, 143 (2000). Accordingly, the March 24, 2000 order was appealable under HRS § 641–1(a).[6]

■ As previously indicated, on September 28, 2000, the circuit court entered a purported "final judgment" (to wit, the September 28, 2000 judgment) based on the March 24, 2000 order. The record evinces that it is from the September 28, 2000 judgment that the parties measured the time from which to appeal the matters finally and fully disposed in the March 24, 2000 order.[7] Ditto's October 30, 2000 notice of appeal and McCurdy and PCT's December 19, 2000 notice of cross-appeal (both in appeal No. 23851) each listed the March 24, 2000 order and the September 28, 2000 judgment as the matters appealed. In this regard, the parties erred.

The separate document rule of HRCP Rule 58 (2000) provides in pertinent part that

"[e]very judgment shall be set forth on a separate document." There is no question that the separate document rule applies to post-judgment orders inasmuch as HRCP Rule 54 (2000) defines "judgment" to include "a decree and any order from which an appeal lies." We point out, however, that the separate judgment requirement articulated in *Jenkins* is inapposite in the post-judgment context.

In *Jenkins*, this court held that:

(1) *An appeal may be taken from circuit court orders resolving* **claims** *against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP 58;* (2) if a judgment purports to be the final judgment in a case involving multiple *claims* or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the *claims* for which it is entered, and (ii) dismiss any *claims* not specifically identified; (3) if the judgment resolves fewer than all *claims* against all parties, or reserves any *claim* for later action by the court, an appeal may be taken only if the judgment contains the language necessary for certification under HRCP 54(b); and (4) an appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all *claims* against all parties or contain the finding necessary for certification under HRCP 54(b).

These holdings are intended to establish bright line rules so there will be little doubt in most cases about when an appeal may be taken.... Thus, after March 31,

---

6. We recognize that McCurdy and PCT's request for fees was denied without prejudice; however, such denial does not affect the finality of the March 24, 2000 order for purposes of appellate jurisdiction. *Cf. Price v. Obayashi Hawaii Corp.*, 81 Hawai'i 171, 175–76, 914 P.2d 1364, 1368–69 (1996) (holding that a dismissal without prejudice has the finality required for purposes of appellate jurisdiction) (citing *Aiona v. Wing Sing Wo Co.*, 45 Haw. 427, 430, 368 P.2d 879, 881 (1962) (per curiam)). Moreover, pursuant to HRCP Rule 59(e) (2000), McCurdy and PCT had the opportunity to move for reconsideration of the denial of attorney's fees "no later than 10

days after entry of [the March 24, 2000 order]." The record reflects that McCurdy and PCT failed altogether, much less within the time prescribed by HRCP Rule 59(e), to move for reconsideration of the March 24, 2000 order.

7. McCurdy and PCT apparently treated Ditto's October 9, 2000 motion to set aside and/or alter the September 28, 2000 judgment as a tolling motion under Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(3) (1999) and, therefore, measured the time for cross-appeal from entry of the November 20, 2000 order.

1994 an appeal from an order that purports to be a final order as to all *claims* and parties in civil cases may be taken only after the order has been reduced to a judgment in favor of or against the parties. . . . If *claims* are resolved by a series of orders, a final judgment upon all the *claims* must be entered. The "judgment shall not contain a recital of the pleadings," HRCP 54(a), but it must, on its face, show finality as to all *claims* against all parties. *Jenkins*, 76 Hawai'i at 119–20, 869 P.2d at 1338–39 (emphases added) (emphasis and footnote in original omitted). Clearly, the rule in *Jenkins*—to wit, that circuit court orders resolving claims against parties must generally be reduced to a judgment and the judgment must be entered in favor of or against the appropriate parties pursuant to HRCP Rule 58 before an appeal may be taken—is limited to circuit court orders disposing of *claims raised in a circuit court complaint.*

 Furthermore, neither precedent nor logic compels us to extend the rule in *Jenkins*—requiring a separate judgment—to the post—judgment order at issue here. The sole purpose of HRCP Rule 58's separate document requirement is to clarify when the time for appeal commences. *Jenkins*, 76 Hawai'i at 118, 869 P.2d at 1338 (citing *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978); *Moore's Federal Practice* ¶ 58.02.1[2] (1993)). In the context of initial litigation, with claims, cross-claims, counterclaims, and multiple orders deciding them, a dispositive document that is distinct from any decision or order serves to eliminate confusion as to which order ends the litigation. *Cf. Hollywood v. City of Santa Maria*, 886 F.2d 1228, 1232 (9th Cir.1989)

("In the context of final judgments, the requirement that the dispositive document be distinct from any opinion serves to eliminate confusion as to which order ends the litigation." (citing *Bankers Trust*, 435 U.S. at 384, 98 S.Ct. 1117)); *Kawamata Farms, Inc. v. United Agri Prods.*, 86 Hawai'i 214, 262, 948 P.2d 1055, 1103 (1997) ("this court has always deemed the federal courts' interpretation of the FRCP as highly persuasive because our own HRCP were patterned after the federal rules" (citations omitted)). Thus, *Jenkins* required a separate judgment resolving all claims. Here, there is no comparable risk of confusion with respect to a post-judgment order granting a return of garnished funds and costs and denying attorneys' fees where the order is properly entered in the record, *cf. Hollywood*, 886 F.2d at 1232 (reaching the same conclusion regarding an order denying a motion for a new trial where the order was properly entered on the docket sheet), and resolves the motion requesting relief.

As previously indicated, the March 24, 2000 order definitively signaled the end of the matters raised in McCurdy and PCT's November 16, 1999 motion. The March 24, 2000 order was entered in the record in compliance with HRCP Rules 58 and 79(a) (2000)[8] as an order granting in part and denying in part McCurdy and PCT's November 16, 1999 motion and was properly served upon the appropriate parties in compliance with HRCP Rule 77(d) (2000).[9] The "entry" complied with all of the requirements of the HRCP, and it was unnecessary for the circuit court to enter a second document.

Accordingly, the time for appealing the matters conclusively decided by the March 24, 2000 order commenced upon entry there-

8. HRCP Rule 79(a) states in pertinent part:

*Civil Docket.* The clerk shall keep a book known as "civil docket". . . . All papers filed with the clerk, all . . . orders, verdicts, and judgments shall be noted chronologically in the civil docket on the folio assigned to the action and shall be marked with its file number. These notations shall be brief but shall show the nature of each .paper filed . . . and the substance of each order or judgment of the court. . . . The notation of an order or judgment shall show the date the notation is made. . . .

9. HRCP Rule 77(d) states in pertinent part:

*Notice of Orders or Judgments.* Immediately upon entry of a judgment, or an order for which notice of entry is required by these rules, the clerk shall serve a notice of the entry by mail . . . upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of a judgment or order is required by these rules. In addition, immediately upon entry, the party presenting the judgment or order shall serve a copy thereof. . . .

of, not upon entry of the superfluous September 28, 2000 judgment on the order. Pursuant to HRAP Rule 4(a)(1) (2000), "[w]hen a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after the entry of the judgment or appealable order." Ditto's October 30, 2000 notice of appeal and McCurdy and PCT's December 19, 2000 cross-appeal (in appeal No. 23851), filed more than thirty days after the March 24, 2000 appealable order, are untimely appeals of the matters decided by the March 24, 2000 order. Lacking jurisdiction to entertain appeal No. 23851, which "can neither be waived by the parties nor disregarded by the court in the exercise of judicial discretion," *Naki v. Hawaiian Elec. Co. Ltd.*, 50 Haw. 85, 86, 431 P.2d 943, 944 (1967), we dismiss the appeal and cross-appeal from the March 24, 2000 order and September 28, 2000 judgment in appeal No. 23851.

### 2. Appeal from the November 20, 2000 Order (Appeal No. 23962)

 On October 9, 2000, Ditto moved to set aside and/or alter thè September 28, 2000 judgment, pursuant to HRCP Rules 59(e) and 60(b) (2000). However, as discussed *supra*, the March 24, 2000 order disposed of all issues raised in McCurdy and PCT's November 16, 1999 motion, leaving nothing further to be accomplished. Therefore, the time in which to bring an HRCP Rule 59(e) motion and an HRCP Rule 60(b) motion commenced upon entry of the March 24, 2000 order, not the superfluous September 28, 2000 judgment. We, therefore, consider Ditto's HRCP Rule 59(e) motion and HRCP Rule 60(b) motion a request for relief from the March 24, 2000 order.

HRCP Rule 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Ditto's October 9, 2000 motion pursuant to HRCP Rule 59(e) was untimely filed, and the circuit court did not have authority to consider it under HRCP Rule 59(e).

HCRP Rule 60(b), however, permits a party to seek relief from a "final judgment, order or proceeding" as follows:

*Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.* On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) ... it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. ...*

(Emphasis added.)

The primary ground for Ditto's motion to set aside and/or amend the September 28, 2000 judgment was newly discovered evidence. As a result, Ditto's October 9, 2000 motion was timely filed under HRCP Rule 60(b) inasmuch as it was filed within one year of the March 24, 2000 order. Accordingly, even if the trial court lacked authority to grant Ditto's HRCP Rule 59 motion, the court had authority to hear Ditto's HRCP Rule 60(b) motion. *See Doe v. Doe*, 98 Hawai'i 144, 151 n. 8, 44 P.3d 1085, 1092 n. 8 (2002).

 An order denying a motion for post-judgment relief under HRCP 60(b) is an appealable final order under HRS § 641-1(a). *First Trust Co. of Hilo v. Reinhardt*, 3 Haw.App. 589, 592, 655 P.2d 891, 893 (1982). Therefore, the circuit court's November 20, 2000 order denying Ditto's motion for post-judgment relief was an appealable final order from which Ditto timely appealed on December 20, 2000. HRAP 4(a)(1).

### B. *HRCP Rule 60(b) Motion*

In their November 16, 1999 motion for return of garnished funds and for attorneys' fees, McCurdy and PCT argued in relevant

part that, where a court reverses a garnishment order, the garnished funds are to be returned to the garnishee as though the garnishment had not taken placed in the first instance. In light of this court's decision in *Ditto II,* McCurdy asserted that the $65,910.00 in garnished funds should be returned to PCT, as trustee of the subject pension plans.

Ditto countered that setoff against the judgments in the case rather than a return of the $65,910.00 in garnished funds was required. McCurdy and PCT, however, argued that setoff was not proper insofar as it would constitute "an improper withdrawal of qualified plan assets that is inconsistent with the terms of the plan documents and in violation of several other ERISA and Internal Revenue Code requirements, which result in plan disqualification and loss of tax benefits."

McCurdy and PCT's motion for return of garnished funds came on for hearing before the circuit court on February 2, 2000. We note the record reflects that the parties chose not to include any transcripts from the February 2, 2000 hearing in the record on appeal.[10] Therefore, the substance of the arguments made at the hearing and any rulings of the circuit court are not known to us. As previously stated, the circuit court's March 24, 2000 order directs Ditto and her attorneys to return the $65,910.00 in garnished funds to PCT.

In her HRCP Rule 60(b) motion, Ditto requested relief from judgment based on newly discovered evidence. Ditto argued that, despite McCurdy and PCT's earlier position that setoff would constitute an improper withdrawal of pension funds in violation of ERISA and the Internal Revenue Code, newly discovered evidence had come to her attention that "McCurdy intended to commit just such an ERISA violation by using pensions funds to bid on real property of his that was being foreclosed." Specifically, Ditto had received a letter, dated July 13, 2000, from one of McCurdy's attorneys, Robert

Smith, indicating that McCurdy might submit a bid through his pension plan at a foreclosure sale on certain of his real property [hereinafter, the July 13, 2000 letter].

Ditto argued that McCurdy's "admitted willingness to alienate pension funds is inconsistent with his stated position in opposing setoff." As a result, the September 28, 2000 judgment "should be vacated and setoff ordered," or, "[a]t a minimum, further proceedings should be had on this issue. Specifically, discovery should be done on whether a setoff would be proper and whether Dr. McCurdy violated ERISA himself by alienating pension funds in connection with the foreclosure action."

Ditto also argued that, although McCurdy took the position in the July 13, 2000 letter that "ERISA would be violated and the same loss of tax-exempt status would occur if the source of repayment was anyone *other than* Ditto or her attorneys[,] ... [n]ew evidence has shown this to be false as well." Ditto pointed to the fact that surplus in the foreclosure action was paid out to McCurdy based on the March 24, 2000 order. McCurdy had "therefore accepted repayment form [sic] a source other than Ditto or her attorneys."

McCurdy argued that the July 13, 2000 letter was inadmissible and that, regardless, the evidence relied upon by Ditto did not qualify as newly discovered evidence. Following a hearing on the matter on November 14, 2000, Ditto's motion to set aside and/or alter the September 28, 2000 judgment was denied.

▮▮▮ Ditto asserts on appeal that "[a]ny and all of [the] six sub-sections of [HRCP] Rule 60(b) justified relief from the final judgment in this case." Ditto, however, completely fails to argue or explain how any of the provisions of HRCP Rule 60(b), other than HRCP Rule 60(b)(2) regarding newly discovered evidence, are implicated. By failing to argue the point, Ditto has waived all bases set out in HRCP Rule 60(b), except for

---

**10.** Specifically, on November 9, 2000, Ditto filed pursuant to HRAP Rule 10(b)(2), *infra,* note 15, a certificate of non-ordering of transcripts in connection with her appeal from the March 24, 2000 order and September 28, 2000 judgment. On December 19, 2000, McCurdy and PCT filed pursuant to HRAP Rule 10(b)(2) a certificate of non-ordering of transcripts in connection with their cross-appeal from the March 24, 2000 order and September 28, 2000 judgment.

HRCP Rule 60(b)(2) (regarding newly discovered evidence), as grounds for appealing the denial of her HRCP Rule 60(b) motion. HRAP Rule 28(b)(7) (2000).

 Relief under HRCP Rule 60(b) based on newly discovered evidence

can be granted provided the evidence meets the following requirements: (1) it must be previously undiscovered even though due diligence was exercised; (2) it must be admissible and credible; (3) it must be of such a material and controlling nature as will probably change the outcome and not merely cumulative or tending only to impeach or contradict a witness.

*Orso v. City & County of Honolulu*, 56 Haw. 241, 250, 534 P.2d 489, 494 (1975).

Claiming that all elements set forth in *Orso* have been satisfied, Ditto points out that the new evidence (i.e., the July 13, 2000 letter) "did not even exist until almost four months" after the March 24, 2000 order was entered. Furthermore, the new evidence is admissible and credible inasmuch as "[i]t is a correspondence from one of McCurdy's many attorneys to Ditto's attorney." Asserting that the new evidence is "highly material and controlling in this case so as to change its outcome[,]" Ditto states:

McCurdy's admission of his intent to violate ERISA by using pension money to bid in a foreclosure auction clearly demonstrates that his reliance upon the anti-alienation provision in opposing set off was illusory. It means that either the anti-alienation provision is not as restrictive as contended by McCurdy and [PCT] or that it would have been violated anyway.

McCurdy counters that the July 13, 2000 letter fails to meet the criteria outlined in *Orso*, stating:

The letter was from McCurdy's attorney, not from McCurdy, and the language used by McCurdy's attorney was that McCurdy "may" decide to submit a bid at a foreclosure sale through his pension plan, as opposed to "will". (ROA, Vol.18, p. 139) There was no clear expression of intent of what McCurdy's attorney meant, let alone what McCurdy meant. The letter simply

was not an admission by McCurdy that he was intending to use pension funds. Ditto's attorneys can only speculate as to what McCurdy actually intended. As such it is clearly irrelevant. . . . Moreover, the actual evidence submitted to the Circuit Court refutes that any of the plans funds were used to bid on the foreclosure sale property. (ROA Vol. 18, p. 167)

McCurdy goes on to point out that the actual successful bidder at the foreclosure sale was not the subject pension plans, and he never made an offer on behalf of the pension plans. Regardless, inasmuch as he does not have the authority "to cause any of the plans to be alienated" or "to make offers of the plans funds or to spend money of the plans," McCurdy maintains the July 13, 2000 letter is irrelevant.

 As previously indicated, a circuit court's determination of an HRCP Rule 60 motion is reviewed for an abuse of discretion. *Amantiad*, 90 Hawai'i at 158, 977 P.2d at 166. The burden of establishing abuse of discretion is on the appellant, and a strong showing is required to establish it. *Lepere v. United Pub. Workers, Local 646*, 77 Hawai'i 471, 474, 887 P.2d 1029, 1032 (1995). Additionally, it is well established that, when an appellant desires to raise any point on appeal that requires the consideration of the oral proceedings before the court appealed from, the appellant bears the burden of showing error by reference to matters in the record, and he or she has the responsibility of providing the relevant transcript. *See* HRAP Rule 10(b)(1) (2001) (appellant's duty to provide transcript where point of appeal requires consideration of the oral proceedings before the agency appealed from). Ditto has failed to meet her burden.

The November 20, 2000 order does not set forth the circuit court's reasons for denying Ditto's HRCP Rule 60(b) motion, stating simply that "the Court[,] having heard oral argument, reviewed memoranda and supplemental memoranda, and otherwise being apprised of the record," orders, adjudges, and decrees the motion is denied in its entirety. On January 2, 2001, Ditto certified to this court

pursuant to HRAP Rule 10(b)(2) (1999)[11] that she was not requesting any transcripts be prepared in connection with her appeal from the November 20, 2000 order. Ditto thereby deemed the transcripts of the November 14, 2000 hearing unnecessary for purposes of our review on appeal. *See* HRAP Rule 10(b)(2).

However, without the November 14, 2000 transcript, we simply do not have a sufficient basis in the record to conclude that the circuit court abused its discretion by denying her motion on the ground of newly discovered evidence. *Lepere,* 77 Hawai'i at 474, 887 P.2d at 1032; *see Bettencourt v. Bettencourt,* 80 Hawai'i 225, 231, 909 P.2d 553, 559 (1995) (affirming the sanctions imposed by the family court because, where the appellant failed to include the relevant transcripts, the appellate court has no basis upon which to review appellant's point of error); *see also Tradewinds Hotel, Inc. v. Cochran,* 8 Haw.App. 256, 266, 799 P.2d 60, 66 (1990) (court is unable to review asserted errors where appellant has failed to provide transcript of proceedings below); *Union Bldg. Materials Corp. v. Kakaako Corp.,* 5 Haw.App. 146, 151–52, 682 P.2d 82, 87 (1984) ("appellant must include in the record all of the evidence on which the lower court might have based its findings and if this is not done, the lower court must be affirmed"). For example, we do not know whether the July 13, 2000 letter, the gravamen of Ditto's motion, was offered into evidence at the hearing and, if so, whether the circuit court admitted the letter or found it to be credible. Nor do we know whether Smith was called to testify regarding his statements in the July 13, 2000 letter or whether Ditto offered any other evidence in support of her motion. We, therefore, leave undisturbed the circuit court's November 20, 2000 order denying Ditto's HRCP Rule 60(b) motion. *See Lepere,* 77 Hawai'i at 473, 887 P.2d at 1031; *Union Bldg. Materials Corp.,* 5 Haw.App. at 151–52, 682 P.2d at 88; *Tradewinds Hotel,* 8 Haw.App. at 266, 799 P.2d at 66.

**11.** HRAP Rule 10(b)(2) provides in pertinent part that "[i]f the appellant deems it unnecessary to have transcripts prepared, the appellant shall[]

## IV. CONCLUSION

Based on the foregoing, we (1) dismiss the appeal and cross-appeal from the March 24, 2000 order and September 28, 2000 judgment in appeal No. 23851 and (2) affirm the November 20, 2000 order denying Ditto's motion to set aside and/or amend the September 28, 2000 judgment, which is the subject of appeal No. 23962.

... file a certificate to that effect with the clerk of the court appealed from...."