WILLIAM C. ENOS, Petitioner-Appellant,
v.
ROSA T. BREWER, Respondent-Appellee
No. 28553
Intermediate Court of Appeals of Hawaii
November 21, 2008.
On the briefs:
Gerard D. Lee Loy, for Petitioner-Appellant
Rosa T. Brewer, Pro Se Respondent-Appellee

SUMMARY DISPOSITION ORDER

NOT FOR PUBLICATION
RECKTENWALD, C.J., WATANABE and LEONARD, JJ.
Petitioner-Appellant William C. Enos (Enos) appeals from the Amended Family Court Order for Protection filed on March 13, 2007 (Protection Order), the Judgment filed on April 7, 2007 (Judgment), and the Order Denying Motion for New Trial filed on June 4, 2007 (Reconsideration Order), which were entered by the Family Court of the Third Circuit (Family Court).[1]
On appeal, Enos identifies six points of error. Enos contends that the Family Court erred in:
1. denying his motion to continue the evidentiary hearing in this case;
2. determining that there was sufficient evidence to justify issuing a restraining order against him;
3. finding that he engaged in threatening conduct and assaultive conduct towards Respondent-Appellee Rosa T. Brewer (Brewer);
4. relying on the photographic evidence adduced by Brewer;
5. finding any evidence in the 911 tape to find that he engaged in threatening or assaultive conduct; and
6. denying his motion for a new trial.
Upon careful review of the record and the brief submitted by Enos, and having given due consideration to the arguments advanced, applicable authorities, and the issues raised by Enos, we resolve Enos's points of error as follows:
We note that, with the exception of point of error #2, Enos failed to state where in the record the alleged errors occurred and where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the Family Court, as required by Hawai`i Rules of Appellate Procedure (HRAP) 28(b)(4). Points of error not presented in accordance with HRAP 28(b)(4) will be disregarded, except that the appellate court, at its option, may notice a plain error not presented. HRAP 28(b)(4).
(1) The motion to continue was made by Enos ostensibly on behalf of Officer Clarence Acob (Officer Acob) who had purportedly been asked by an unidentified prosecuting attorney to seek a continuance. No basis in fact or law was offered by Enos to support a need for a continuance. Officer Acob was available and did in fact testify at the evidentiary hearing. There is no merit in Enos's argument that the Family Court erred in denying a continuance.
(2) & (3) After receiving evidence in the form of testimony and exhibits from both parties, the Family Court issued its decision that, in part, found that a continued protective order restraining Enos from contact with Brewer was supported by a preponderance of evidence. There was substantial evidence in the record to support the Family Court's decision in regard to a continued protective order against Enos. Enos himself admitted to striking Brewer. Joseph Klegner testified that, in his presence on the night of the incident, Enos had made a threat to kill Brewer. Officer Acob testified that Brewer had a cut and was bleeding under one eye. A hospital report dated October 14, 2006, which was admitted into evidence, noted that Brewer's face had "several contusions and abrasions" and that Brewer's skin showed "[c]ontusions to her face and on the abdomen."[2] Brewer testified regarding physical and verbal assault and abuse by Enos. "[I]t is within the province of the trier of fact to weigh the evidence and to assess the credibility of the witnesses, and this court will refrain from interfering in those determinations[.]" Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., Ltd., 100 Hawai`i 97, 117-18, 58 P.3d 608, 628-29 (2002) (internal quotation marks and citation omitted). We are not, in this case, left with a definite and firm conviction that a mistake has been made. See, e.g., State v. Locquiao, 100 Hawai`i 195, 203, 58 P.3d 1242, 1250 (2002).
(3) & (4) Enos challenges the Family Court's purported reliance on the photographs admitted into evidence and its assessment of a 911 audio tape. We cannot say, either based upon our review of the record or the arguments set forth in Enos's brief, that the Family Court erred in its consideration of the evidence before it, including the photographic evidence and the audio tape. In his points of error on appeal, Enos contends generally that the Family Court "erred in relying on the photographic evidence adduced by Ms. Brewer at the 3/17/07 hearing." His argument appears to be that there was a lack of foundation for the admission of the photographs because they were taken on March 16th or 18th. However, Brewer testified that they accurately depicted her injuries on the 14th and Enos was given an opportunity to impeach her testimony and to offer other photographs into evidence. Enos argues that the Family Court "never reviewed the other photos introduced at the hearing," but we will presume that the Family Court considered all of the competent evidence before the court. We note that Enos himself offered the 911 tape into evidence and only seems to be challenging what he considers to be the Family Court's misinterpretation of the tape. Based on our review of the tape, and the record as a whole, we conclude that the Family Court did not err in its assessment of the 911 tape.
(5) In his motion for a new trial, Enos asked the Family Court to consider testimony from two witnesses who said that Brewer "fell down" after becoming intoxicated on October 15, 2006, and presumably injured herself. Although the court disallowed further testimony, it accepted the witnesses' written statements into evidence at the hearing on the new trial.
A motion for a new trial based on newly discovered evidence may be granted if the evidence meets the following requirements:
(1) it must be previously undiscovered even though due diligence was exercised; (2) it must be admissible and credible; (3) it must be of such a material and controlling nature as will probably change the outcome and not merely cumulative or tending only to impeach or contradict a witness.
Ditto v. McCurdy, 103 Hawai`i 153, 162, 80 P.3d 974, 983 (2003) (citation omitted). The undisputed purpose of Enos's new evidence was to impeach or contradict Brewer's testimony, which allegedly failed to disclose additional injuries that were sustained on October 15, 2006.[3] As there was substantial evidence and testimony that Enos struck and threatened Brewer on October 14, 2006, we cannot say that additional evidence that Brewer may have exaggerated the extent of the injuries sustained on the 14th was "of such a material and controlling nature as [would] probably change the outcome" of the continuation of the temporary restraining order in this case. Enos also argues that the Family Court should have re-weighed the evidence and testimony and ruled in his favor. This argument is without merit. The Family Court did not abuse its discretion in denying Enos's motion for a new trial.
For these reasons, the Family Court's orders and the April 7, 2007 Judgment are affirmed.
NOTES
[1] The Honorable Ben M. Gaddis presided.
[2] Although he does not raise it as a point of error, Enos argues that Brewer improperly submitted hospital records from a later injury, but our review of the record confirms that hospital records from October 14, 2006 were included.
[3] Enos characterizes Brewer's testimony as a fraud on the court. However, at the initial hearing, upon Enos's argument and the court's inquiry, Brewer admitted that some of the hospital records were for treatment stemming from an incident that occurred on October 15th or 16th.