NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000437
09-NOV-2018
08:22 AM

NO. CAAP-16-0000437

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MICHAEL ANTHONY KIMO HARLACHER and RONI LEE DU PREEZ,
Plaintiffs-Appellants,
v.
ANDREW LAUTENBACH, MICHAEL SMYTHE,
THE LAW FIRM OF STARN, O'TOOLE, MARCUS AND FISHER,
Defendants-Appellees,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE ENTITIES 1-10,
DOE CORPORATIONS 1-10, AND DOE GOVERNMENTAL ENTITIES 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 15-1-0475)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Reifurth and Chan, JJ.)

Plaintiffs-Appellants Michael Anthony Kimo Harlacher and Roni Lee Du Preez, husband and wife, (collectively "Plaintiffs") appeal from the May 18, 2016 Judgment and the June 17, 2016 Amended Judgment entered in the Circuit Court of the Second Circuit ("Circuit Court"). [1] The judgments dismissed Plaintiffs' Complaint claiming abuse of process, civil conspiracy, and vicarious liability against Michael Smythe, Andrew Lautenbach, and the Law Firm of Starn, O'Toole, Marcus and Fisher (collectively "Defendants"), and awarded attorneys' fees to Defendants and against Plaintiffs under Hawaii Revised Statutes section 607-614.5 (2016).

---

[1] The Honorable Rhonda I.L. Loo presided.

On appeal, Plaintiffs raise the following points of error, contending that the Circuit Court: (1) erred by dismissing the abuse of process, civil conspiracy, and vicarious liability claims; (2) erred by determining that Plaintiffs' complaint was frivolous and imposing sanctions; and (3) abused its discretion by failing to sua sponte sanction defendant attorneys under Hawaiʻi Rules of Civil Procedure ("HRCP") Rule 11.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Plaintiffs' points of error as follows and affirm.

Plaintiffs failed to state a claim for abuse of process because they failed to allege an improper "ulterior purpose" or an improper "wilful act." *See Kamaka v. Goodsill Anderson Quinn & Stifel*, 117 Hawaiʻi 92, 104, 176 P.3d 91, 103 (2008) ("A trial court's ruling on a motion to dismiss is reviewed de novo." (citing *Wright v. Home Depot U.S.A., Inc.*, 111 Hawaiʻi 401, 406-07, 142 P.3d 265, 270-71 (2006))); *Young v. Allstate Ins. Co.*, 119 Hawaiʻi 403, 413-14, 198 P.3d 666, 676-77 (2008) (even if an "ulterior purpose" is sufficiently alleged, an abuse of process claim requires a "wilful act" in the use of the process which is not proper in the regular conduct of the proceeding (quoting *Chung v. McCabe Hamilton & Renny Co.*, 109 Hawaiʻi 520, 529, 128 P.3d 833, 842 (2006))); *Hawkins v. Webster*, 337 S.E.2d 682, 685 (N.C. Ct. App. 1985) (defendant's filing of answers containing falsehoods was "not the type of improper act upon which a proper claim of abuse of process may be founded.").

Furthermore, there was a sufficient basis to determine that the lawsuit was frivolous as the abuse of process tort is well-established in Hawaiʻi case law, and the Circuit Court's finding of bad faith is supported by the Plaintiffs' initiating a complaint to the Office of Disciplinary Counsel and initiating an action against the Defendants' attorneys in another court on another island two weeks before two motions to dismiss and two months before trial where the claims were not supported by law or fact. *See Taqupa v. VIPDesk*, 135 Hawaiʻi 468, 479, 353 P.3d 1010, 1021 (2015) ("A finding of frivolousness is a high bar; it

2

is not enough that a claim be without merit, there must be a showing of bad faith."); *Young*, 119 Hawai'i at 412, 198 P.3d at 675 (refining application of the tort's elements); *Coll v. McCarthy*, 72 Haw. 20, 28, 804 P.2d 881, 886-87 (1991) (A trial court's finding that a claim was made in bad faith is a mixed question of fact and law subject to the clearly erroneous standard. (citing *Pacheco v. Hilo Electric Light Co.*, 55 Haw. 375, 520 P.2d 62 (1974))).

Finally, the court was under no obligation to sua sponte impose HRCP Rule 11 sanctions, particularly under the circumstances here. *See Canalez v. Bob's Appliance Serv. Ctr., Inc.*, 89 Hawai'i 292, 300, 972 P.2d 295, 303 (1999) ("All aspects of a HRCP Rule 11 determination should be reviewed under the abuse of discretion standard." (quoting *Lepere v. United Public Workers, Local 646, AFL-CIO*, 77 Hawai'i 471, 473, 887 P.2d 1029, 1031 (1995))); *Marsh Aviation Co. v. Hardy Aviation Ins. Inc.*, 720 Fed.Appx. 418 (9th Cir. 2018) (holding that the trial court is under no obligation to sua sponte find a Federal Rule of Civil Procedure Rule 11(b) violation where a party has not moved for sanctions); *Stallard v. Consol. Maui, Inc.*, 103 Hawai'i 468, 475, 83 P.3d 731, 738 (2004) ("As the Federal Rules of Civil Procedure are substantially similar to the HRCP, we look to federal case law for guidance.").

Therefore, the May 18, 2016 Judgment and the June 17, 2016 Amended Judgment, entered in the Circuit Court of the Second Circuit, are affirmed.

DATED: Honolulu, Hawai'i, November 9, 2018.

On the briefs:

Michael Anthony Kimo Harlacher
and Roni Lee Du Preez,
Pro Se Plaintiffs-Appellants

Mark J. Bennett and
Orian J. Lee
(Starn O'Toole Marcus & Fisher)
for Defendants-Appellees

Presiding Judge

Associate Judge

Associate Judge

3