**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000267
13-SEP-2024
07:47 AM
Dkt. 40 ODSLJ**

NO. CAAP-24-0000267

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

E.M., Plaintiff-Appellant, v.
C.W., Defendant-Appellee.

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(CASE NO. 3DV221000048)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Wadsworth, Presiding Judge, Nakasone and McCullen, JJ.)

Upon review of the record, it appears:

(1) Self-represented Plaintiff-Appellant E.M. appeals from a March 20, 2024 Order from the Family Court of the Third Circuit, which the Notice of Appeal states is attached as Exhibit A;

(2) There is no attachment labeled "Exhibit A," but payroll statements, a Child Support Enforcement Agency (**CSEA**) Statement, a May 1, 2023 CSEA Administrative Findings and Order,

and an undated Child Support Guidelines Worksheet are attached to the Notice of Appeal;

(3) There is no family court order dated March 20, 2024 attached to the Notice of Appeal and no such order appears in the record of the underlying case, see generally, In re Doe, 96 Hawaiʻi 272, 283, 30 P.3d 878, 889 (2001) (explaining that, "[i]n general, appeals in family court cases, as in other civil cases, may be taken only from (1) a final judgment, order, or decree, . . . or (2) a certified interlocutory order");

(4) A divorce decree was entered in the underlying case on February 26, 2024;

(5) However, the Notice of Appeal was filed on April 1, 2024, more than 30 days after entry of the divorce decree;

(6) Even if this court construes the Notice of Appeal as appealing from the divorce decree, the notice would be untimely under Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(1) (requiring notice of appeal be filed within 30 days after entry of judgment or appealable order); and

(7) Thus, this court lacks jurisdiction over this appeal, see HRAP Rule 26(b) (explaining that, "no court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules"); Ditto v. McCurdy, 103 Hawaiʻi 153, 157, 80 P.3d 974, 978 (2003) (noting

generally "compliance with the requirement of the timely filing of a notice of appeal is jurisdictional, and we must dismiss an appeal on our motion if we lack jurisdiction") (citation and internal quotation marks omitted).

Therefore, IT IS ORDERED that the appeal is dismissed for lack of jurisdiction.

DATED:  Honolulu, Hawaiʻi, September 13, 2024.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge