**Electronically Filed**
**Supreme Court**
**SCWC-15-0000711**
**30-JUN-2016**
**09:13 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

ROBERT E. WIESENBERG,
Petitioner/Plaintiff-Appellant,

vs.

UNIVERSITY OF HAWAIʻI; JOHN DOES 1-50; JANE DOES 1-50; DOE
ENTITIES 1-50; DOE GOVERNMENTAL UNITS/ENTITIES 1-50,
Respondent/Defendant-Appellee.

SCWC-15-0000711

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-15-0000711; CIVIL NO. 13-1-2248-08)

JUNE 30, 2016

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, and WILSON, JJ.

PER CURIAM

The sole jurisdictional issue before this court concerns the effect of the entry of an amended judgment, entered after the filing of a post-judgment tolling order, on the timing to file an appeal under Rule 4 of the Hawaiʻi Rules of Appellate Procedure ("HRAP"). Petitioner/plaintiff-appellant Robert E. Wiesenberg

("Wiesenberg") applies for certiorari review of the Intermediate Court of Appeals' ("ICA") February 16, 2016 order ("Dismissal Order") dismissing as untimely his appeal from a final amended judgment issued by the first circuit court following the entry of a post-judgment order relating to attorneys' fees and costs. Wiesenberg contends that the appeal is timely because the final amended judgment alters the original judgment in a material and substantive respect and, therefore, the filing of the final amended judgment triggered the date for filing the notice of appeal. The University of Hawaiʻi ("UH") contends that the appeal is untimely because the final amended judgment did not alter the original judgment in such a way as to materially affect the substantive rights of the parties and, therefore, the post-judgment order on the attorneys' fees and costs triggered the date for filing the notice of appeal.

We conclude that the final amended judgment amended the original judgment in a material and substantial respect such that the appeal deadline began to run from the date that the final amended judgment was filed by the circuit court. Wiesenberg's appeal is, therefore, timely. Accordingly, we vacate the ICA's February 16, 2016 Dismissal Order and remand the matter to the ICA for disposition of the appeal.

## I. Background

### A. Brief Factual History

In the fall of 2005, Wiesenberg was accepted into the

2

University of Hawaiʻi at Mānoa's ("UH-Mānoa") master's degree program for Library and Information Science. During the 2007 academic year, Wiesenberg was placed on academic probation and then later dismissed from the program after he failed to raise his grade point average. He was denied readmission in 2008 and 2009.

B. **Procedural History**

1. **The Lawsuit**

On August 19, 2013, after participating in the administrative and academic grievance process, Wiesenberg, pro se, filed a complaint in the first circuit court naming UH-Mānoa as the defendant and seeking more than $7 million in damages he alleged he suffered because UH-Mānoa did not award him his graduate degree.[1] Two months later, on October 8, 2013, Wiesenberg filed an amended complaint for unjust enrichment naming UH as the defendant and seeking $500,000.00 in damages. The original complaint was eventually dismissed without prejudice because UH-Mānoa was not a proper party to the lawsuit.[2]

On April 4, 2014, Wiesenberg, represented by counsel, moved for leave to file a second amended complaint. The proposed second amended complaint named UH as the defendant, included additional background information related to Wiesenberg's dismissal from the graduate program, and alleged claims for declaratory judgment/injunctive relief, unjust enrichment, unfair

---

[1] The Honorable Virginia L. Crandall presided over the case.

[2] By statute, UH may only be sued in its corporate name.

3

or deceptive trade practices/acts, and interference with prospective economic advantage.  Wiesenberg sought an order compelling UH to admit him into the master's degree program for Library and Information Science for the sole purpose of awarding him his degree or, in the alternative, damages.  The court, however, denied the motion on the ground that the proposed amendment was futile because the statute of limitations had run:

> Upon review and consideration of the matters submitted, the Court denies the Motion for Leave to File Second Amended Complaint; the proposed amendment is futile because the statute of limitations has run.  Plaintiff's claim accrued in December 2007 when he was dismissed from the graduate program.  The continuing tort doctrine does not apply to the alleged facts herein; Plaintiff does not allege ongoing wrongful conduct.  The alleged wrongful conduct occurred in 2007 and Plaintiff has since been unsuccessful in obtaining relief.  Equitable estoppel does not apply to extend the time period to file because there were no extraordinary circumstances beyond the control of the Plaintiff that made it impossible for him to file within the statute of limitations.  <u>Garner v. State</u>, 122 Haw. 150 (Haw. App. 2009).

(Italics omitted and underlining added.)

UH then moved for judgment on the pleadings, arguing that the allegations pleaded in Wiesenberg's 2013 amended complaint were similarly barred as a matter of law.  Wiesenberg opposed the motion.  The circuit court granted the motion and entered its written order on May 5, 2015.  On June 3, 2015, the court entered judgment in the case ("Original Judgment").  The Original Judgment states:

4

**JUDGMENT**

> IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Judgment be and hereby is, entered in favor of Defendant UNIVERSITY OF HAWAIʻI and against Plaintiff ROBERT E. WIESENBERG on all claims herein.
> This Judgment fully and finally resolves all claims between the parties and no other claims remain in this proceeding.
> There being no reason for delay, the Court expressly directs that this Judgment be entered forthwith.

The following day, on June 4, 2015, UH filed a motion for attorneys' fees, which Wiesenberg opposed. On July 31, 2015, the court entered its post-judgment order on UH's motion for attorneys' fees.

A few days later, on August 4, 2015, UH's counsel e-mailed Wiesenberg's counsel a proposed final amended judgment for his "review, signature, and approval." Wiesenberg's counsel was on Army duty on the mainland at that time and was not expected to return until August 17, 2015. On August 28, 2015, Wiesenberg's counsel transmitted to UH's counsel a signed final amended judgment approving it as to form. Some time thereafter, the signed final amended judgment was transmitted to the circuit court for approval and filing.

On September 21, 2015, the circuit court entered the final amended judgment ("Final Amended Judgment"). The Final Amended Judgment states:

**FINAL AMENDED JUDGMENT**

Judgment on the Pleadings having been granted to Defendant UNIVERSITY OF HAWAIʻI, as against Plaintiff ROBERT E. WIESENBERG, by Order filed May 5, 2015, Judgment against Plaintiff ROBERT E. WIESENBERG and in favor of Defendant UNIVERSITY OF HAWAIʻI, as was filed on June 3, 2015.

Pursuant to the July 31, 2015 Order Granting Defendant UNIVERSITY OF HAWAII'S Motion for Attorneys' Fees, Filed June 4, 2015, and in accordance with Rule 54(d)(2) of the Hawaiʻi Rules of Civil Procedure, and § 607-14 of the Hawaiʻi Revised Statutes, the court awarded Defendant UNIVERSITY OF HAWAIʻI reasonable attorneys' fees as against Plaintiff ROBERT E. WIESENBERG, in the amount of $14,543.75.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that a final judgment be, and hereby is, entered in accordance with (1) the May 5, 2015 Order Granting Defendant UNIVERSITY OF HAWAII'S Motion for Judgment on the Pleadings, Filed December 5, 2014; and (2) the July 31, 2015 Order Granting Defendant UNIVERSITY OF HAWAII'S Motion for Attorneys' Fees, Filed June 4, 2015, awarding Defendant UNIVERSITY OF HAWAIʻI attorneys' fees in the amount of $14,543.75, as against Plaintiff ROBERT E. WIESENBERG, on all claims and causes of action asserted by Plaintiff in the Amended Complaint filed on October 8, 2013. The judgment shall bear statutory interest at a rate of ten per cent a year following from the date of its entry until payment.

This FINAL AMENDED JUDGMENT fully and finally resolves all claims between the parties and no other claims remain in this proceeding.

There being no reason for delay, the Court expressly directs that this FINAL AMENDED JUDGMENT be entered forthwith.

## 2. The Appeal

On September 30, 2015, Wiesenberg filed a notice of appeal in the ICA appealing from the Final Amended Judgment and all underlying orders issued by the circuit court in the case.

UH subsequently moved to dismiss the appeal as untimely, contending that Wiesenberg did not file his notice of appeal

within thirty days after the circuit court entered the July 31, 2015 post-judgment order disposing of the motion for attorneys' fees.  Wiesenberg opposed the motion, arguing that the appeal was timely because the Final Amended Judgment substantially and materially amended the Original Judgment by including attorneys' fees and post-judgment interest and, therefore, the thirty-day appeal deadline started to run from the date the Final Amended Judgment was entered by the court.  Wiesenberg further argued that UH "lulled" him to wait before filing the notice of appeal by submitting the proposed Final Amended Judgment before the 30-day appeal period from the post-judgment order disposing of the motion for attorneys' fees had run.

On February 16, 2016, the ICA granted UH's motion to dismiss and entered the Dismissal Order dismissing the appeal for lack of jurisdiction on the ground that the appeal was untimely.  The ICA determined that the Original Judgment was the operative judgment for purposes of the appeal and since the appeal deadline was tolled when UH timely filed its motion for attorneys' fees and costs, the deadline for filing the appeal was thirty days from the July 31, 2015 post-judgment order on the attorneys' fee motion.  The ICA concluded that the appeal deadline did not run from the filing of the Final Amended Judgment because the separate judgment requirement does not apply in the post-judgment context and, therefore, the Final Amended Judgment was superfluous.  Citing Ditto v. McCurdy, 103 Hawaiʻi 153, 80 P.3d

7

974 (2003), the ICA explained that "the separate judgment requirement articulated in Jenkins [v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 869 P.2d 1334 (1994)] is inapposite in the post-judgment context" and that "[o]nce a circuit court has entered an appealable final judgment and an appealable post-judgment order, any subsequent judgment on the same appealable post-judgment order is superfluous[.]"  The ICA also concluded that the appeal deadline did not run from the filing of the Final Amended Judgment because, even though the circuit court entered two judgments on the same substantive claim, the inclusion of the award of attorneys' fees and statutory interest in the Final Amended Judgment did not substantially or materially amend the substantive language of the Original Judgment:

> When, as here, a trial court has entered two judgments on the same substantive claims, the following general rule applies:
>
>> The general rule is that where a judgment is amended in a material and substantial respect, the time within which an appeal from such determination may be taken begins to run from the date of the amendment, although where the amendment relates only to the correction of a clerical error, it does not affect the time allowed for appeal.
>
> Poe v. Hawaiʻi Labor Relations Board, 98 Hawaiʻi 416, 418, 49 P.3d 382, 384 (2002) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); State v. Mainaaupo, 117 Hawaiʻi 235, 246 n.6, 178 P.3d 1, 12 n.6 (2008).
>
>> If the amendment of a final judgment or decree for the purpose of correcting a clerical error either materially alters rights or obligations determined by the

8

> prior judgment or decree or creates a
> right of appeal where one did not exist
> before, the time for appeal should be
> measured from the entry of the amended
> judgment.  If, however, the amendment has
> neither of these results, but instead
> makes changes in the prior judgment which
> have no adverse effect upon those rights
> or obligations or the parties' right to
> appeal, the entry of the amended judgment
> will not postpone the time within which an
> appeal must be taken from the original
> decree.
>
> Poe v. Hawaiʻi Labor Relations Board, 98 Hawaiʻi at
> 418, 49 P.3d at 384 (citations, internal quotation
> marks, and original brackets omitted; emphasis added).

The ICA determined that the Final Amended Judgment did not amend the substantive language of the Original Judgment because (1) the inclusion of the attorneys' fees award was superfluous for the purpose of perfecting the right to appeal from the substantial adjudication that was already included in the Original Judgment, and (2) the inclusion of interest was superfluous because it simply reiterated the statutory right to obtain interest on the attorneys' fees award.[3]

### 3.    The Application for Writ of Certiorari

On March 16, 2016, Wiesenberg timely filed an application for writ of certiorari, which this court accepted for review. Wiesenberg presents two questions:

(1)  Did the ICA gravely err in holding that Wiesenberg's

---

[3] In addressing Wiesenberg's argument that UH "lulled" him into inaction by drafting a proposed amended judgment, the ICA explained that, even if true, "the failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion."

September 30, 2015 notice of appeal was untimely under HRAP Rule 4(a)(3)?

(2)  Did the ICA gravely err in determining that "lulling" does not apply?

Wiesenberg argues that the ICA should have treated UH's request to amend the Original Judgment as a post-judgment motion under HRAP Rule 4(a)(3), should have recognized that the notice of appeal was timely under Poe because the Final Amended Judgment altered the Original Judgment in a material and substantial respect, and should have determined that Wiesenberg was "lulled" into inaction based on the confusion created when UH prepared and submitted for the court's approval the Final Amended Judgment. Wiesenberg maintains that the ICA's decision "will strike a grievous blow not only to Mr. Wiesenberg's quest for justice, but to the conditions of fair play that can be expected by future litigants."

UH timely filed an opposition.  UH argues that the ICA correctly recognized that the Final Amended Judgment did not postpone the appeal deadline and, therefore, Wiesenberg's appeal is untimely.  UH contends that the submission of the proposed Final Amended Judgment was not a motion under HRAP Rule 4(a)(3), the Final Amended Judgment "merely re-stated the award of fees to [UH] and the applicable default interest (HRS § 478-3)" and "did not itself materially affect the substantive rights of the parties," and UH did not "lull" Wiesenberg to miss the appeal deadline.

10

Wiesenberg addressed UH's arguments in a reply and reiterated that his appeal was timely.

## II.  Discussion

The sole issue before this court is whether Wiesenberg's September 30, 2015 notice of appeal was timely.  The answer depends on whether the July 31, 2015 post-judgment order on the motion for attorneys' fees or the September 21, 2015 Final Amended Judgment triggered the time from which to calculate the appeal deadline.

### A.  The Appeal Deadline and the Effect of a Tolling Motion

Generally, appeals from civil judgments must be filed within 30 days after entry of the final judgment.  See HRAP Rule 4(a)(1) ("When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order.").  The initial appeal deadline may be extended, however, by the timely filing of a post-judgment motion for attorneys' fees and costs.  Specifically, "[i]f any party files a timely motion . . . for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion[.]"  HRAP Rule 4(a)(3).

The Original Judgment was filed on June 3, 2015.  At that moment, Wiesenberg had 30 days to file his notice of appeal.  See HRAP Rule 4(a)(1).  However, when UH filed a timely motion for attorneys' fees, the deadline to appeal was tolled and thereafter

11

extended until thirty days after the court entered its July 31, 2015 order regarding attorneys' fees.  See HRAP Rule 4(a)(3).  If this was the last document filed in the record of the case, pursuant to HRAP Rule 4(a)(3)'s plain language, the deadline for Wiesenberg to file his notice of appeal was August 31, 2015.[4]

**B.   The Effect of a Final Amended Judgment on the Appeal Deadline**

The July 31, 2015 post-judgment order on UH's motion for attorneys' fees was not the last document in the record of the case, however.  Instead, UH's counsel prepared the Final Amended Judgment, Wiesenberg's counsel signed the Final Amended Judgment, and the circuit court approved and filed the Final Amended Judgment.  The issue turns then on the operative effect, if any, of the Final Amended Judgment for purposes of HRAP Rule 4's appeal deadline.

In 2000, the supreme court addressed this issue in Korsak v. Hawaii Permanente Med. Grp., 94 Hawaiʻi 297, 304, 12 P.3d 1238, 1245 (2000).  There, the court adopted the following rule as a guide in determining whether an amendment of an order or judgment affects the time for appeal:

_____

[4]   The actual thirty day deadline was Sunday, August 30, 2015.  Because the deadline fell on a Sunday, however, the deadline was extended to the following day.  See HRAP Rule 26(a) ("In computing any period of time prescribed by these rules, . . . [t]he last day of the period shall be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period extends until the end of the next day that is not a Saturday, a Sunday, or a legal holiday.")

12

> **The general rule is that where a judgment is amended in a material and substantial respect, the time within which an appeal from such determination may be taken begins to run from the date of the amendment,** although where the amendment relates only to the correction of a clerical . . . error, it does not affect the time allowed for appeal.
>
> Moreover, **if the amendment of a final judgment or decree for the purpose of correcting a "clerical error" either materially alters rights or obligations determined by the prior judgment [or decree] or creates a right of appeal where one did not exist before, the time for appeal should be measured from the entry of the amended judgment. If, however, the amendment has neither of these results, but instead makes changes in the prior judgment which have no adverse effect upon those rights or obligations or the parties right to appeal, the entry of the amended judgment will not postpone the time within which an appeal must be taken from the original decree.**

Korsak, 94 Hawaiʻi at 304, 12 P.3d at 1245 (emphasis added).

A few years after Korsak was decided, the supreme court applied its rule in Poe v. Hawaiʻi Labor Relations Board, 98 Hawaiʻi 416, 49 P.3d 382 (2002). In Poe, the circuit court sua sponte entered an amended judgment to correct the caption of the original judgment by changing the designation of one party from "respondent-appellee" to "intervenor-appellee." Poe, 98 Hawaiʻi at 417-18, 49 P.3d at 383-84. A majority of the court determined that the correction was clerical in nature and had no adverse effect upon any rights or obligations or the parties' right to appeal and, therefore, the notice of appeal was due no later than thirty days after the original judgment was filed. See id. at 419, 49 P.3d at 385.

Korsak and Poe clearly delineate that, in situations where

13

the court has entered two judgments on the same substantive claim, commencement of the appeal deadline depends on whether the amended judgment amends the original judgment in a material and substantial way -- either materially altering the rights or obligations of the parties determined by the original judgment or creating a right to appeal where none previously existed.  If it does, then the appeal deadline runs from the date of the amended judgment; if it does not, then the appeal deadline runs from the date of the original judgment.

**C.    The Final Amended Judgment Amended the Original Judgment in a Material and Substantial Respect**

Thus, consistent with <u>Korsak</u> and <u>Poe</u>, resolution of the jurisdictional issue raised by the Dismissal Order is essentially grounded on one fundamental question -- Does the Final Amended Judgment amend the Original Judgment in a material and substantial respect?  We answer this question in the affirmative.

The changes between the Original Judgment and the Final Amended Judgment are not clerical -- the changes are material and substantive inasmuch as they alter the rights and obligations of the parties.  While the Original Judgment simply reiterates the prevailing party and includes the required language that all claims have been resolved, the Final Amended Judgment includes additional information on the award of attorneys' fees as well as statutory interest:

| Original Judgment | Final Amended Judgment |
|---|---|
| **JUDGMENT**<br><br>IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Judgment be and hereby is, entered in favor of Defendant UNIVERSITY OF HAWAIʻI and against Plaintiff ROBERT E. WIESENBERG on all claims herein.<br><br>This Judgment fully and finally resolves all claims between the parties and no other claims remain in this proceeding.<br><br>There being no reason for delay, the Court expressly directs that this Judgment be entered forthwith. | **FINAL AMENDED JUDGMENT**<br><br>Judgment on the Pleadings having been granted to Defendant UNIVERSITY OF HAWAIʻI, as against Plaintiff ROBERT E. WIESENBERG, by Order filed May 5, 2015, Judgment against Plaintiff ROBERT E. WIESENBERG and in favor of Defendant UNIVERSITY OF HAWAIʻI, as was filed on June 3, 2015.<br><br>Pursuant to the July 31, 2015 Order Granting Defendant UNIVERSITY OF HAWAII'S Motion for Attorneys' Fees, Filed June 4, 2015, and in accordance with Rule 54(d)(2) of the Hawaiʻi Rules of Civil Procedure, and § 607-14 of the Hawaiʻi Revised Statutes, the court awarded Defendant UNIVERSITY OF HAWAIʻI reasonable attorneys' fees as against Plaintiff ROBERT E. WIESENBERG, in the amount of $14,543.75.<br><br>IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that a final judgment be, and hereby is, entered in accordance with (1) the May 5, 2015 Order Granting Defendant UNIVERSITY OF HAWAII'S Motion for Judgment on the Pleadings, Filed December 5, 2014; and (2) the July 31, 2015 Order Granting Defendant UNIVERSITY OF HAWAII'S Motion for Attorneys' Fees, Filed June 4, 2015, awarding Defendant UNIVERSITY OF HAWAIʻI attorneys' fees in the amount of $14,543.75, as against Plaintiff ROBERT E. WIESENBERG, on all claims and causes of action asserted by Plaintiff in the Amended Complaint filed on October 8, 2013. The judgment shall bear statutory interest at a rate of ten per cent a year following from the date of its entry until payment.<br><br>This FINAL AMENDED JUDGMENT fully and finally resolves all claims between the parties and no other claims remain in this proceeding.<br><br>There being no reason for delay, the Court expressly directs that this FINAL AMENDED JUDGMENT be entered forthwith. |

The additional language creates new obligations and legal consequences that did not exist under the Original Judgment.  For example, by including the award of attorneys' fees,[5] the Final Amended Judgment was a money judgment upon which UH could recover interest.[6]  Moreover, UH may execute on the Final Amended Judgment by recording it as a judgment lien against Wiesenberg's property[7] or initiating collection and garnishment actions.[8]  The effect of the Final Amended Judgment provide serious legal implications for Wiesenberg -- legal implications that did not exist under the Original Judgment.  These implications are not clerical in nature; rather, they are implications that altered the Original Judgment in a material and substantial respect.  The Final Amended Judgment, therefore, was the operative document for purposes of this appeal.

---

[5]  We recognize that the circuit court need not reduce a post-judgment award of attorneys' fees and costs to a separate judgment for purposes of an appeal.  See Ditto, 103 Hawaiʻi at 160, 80 P.3d at 981.  However, because the court entered the Final Amended Judgment, this court's review, for purposes of determining whether the appeal was timely perfected, turns on an analysis of the effect of the amendments.

[6]  See HRS § 478-3 (2008) ("Interest at the rate of ten per cent a year, and no more, shall be allowed on any judgment recovered before any court in the State, in any civil suit.").

[7]  See HRS § 636-3 (Supp. 2015) ("Any money judgment, order, or decree of a state court or the United States District Court for the District of Hawaii shall be a lien upon real property when a copy thereof, certified as correct by a clerk of the court where it is entered, is recorded in the bureau of conveyances.").

[8]  See, e.g., HRS § 652-1(b) (1993) (providing for the garnishment of wages).

16

Accordingly, the deadline for Wiesenberg to file his notice of appeal commenced from the date the circuit court entered the Final Amended Judgment on September 21, 2015. Wiesenberg, therefore, had up to and including October 21, 2015 to file his notice of appeal. Wiesenberg filed his notice of appeal on September 30, 2015. The appeal is timely.[9]

### III. Conclusion

Based on the foregoing, the ICA's February 16, 2016 Dismissal Order is vacated and the matter is remanded to the ICA for disposition of the appeal.

Mark G. Valencia and
Matthew A. Cohen
for petitioner

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

Paul Alston, John-Anderson
L. Meyer, and Maile Osika,
Carrie K. S. Okinaga, and
Ryan M. Akamine
for respondent

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

---

[9] In light of the disposition of the timeliness of the appeal, this court need not address Wiesenberg's "lulling" argument.