SCWC-17-0000666

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

KAWIKA FRANCO, Individually and as Personal Representative for the Estate of TIARE FRANCO; PEACHES KONG AND APPLES ELEBAN, as Next Friends of LOVELY FRANCO (Minor); TAUA GLEASON, as Next Friend of KOLOMANA KONG KANIAUPIO GLEASON AND KAULANA KONG KANIAUPIO GLEASON (Minors); and CHERYL RUSSELL, as Next Friend of JEANNE RUSSELL (Minor), Petitioners/Plaintiffs-Appellants,

vs.

SABIO REINHARDT, Respondent/Defendant-Appellee,

and

JOSIAH OKUDARA; JOHN DOES 2-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE "NON-PROFIT" CORPORATIONS 1-10; and DOE GOVERNMENTAL ENTITIES, 1-10, Respondents/Defendants.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-17-0000666; CIV. NO. 12-1-0458(1))

ORDER (1) ACCEPTING APPLICATION FOR WRIT OF CERTIORARI,
(2) VACATING THE ICA'S DECEMBER 18, 2017 ORDER
DISMISSING THE APPEAL, AND (3) REMANDING THE APPEAL
TO THE ICA FOR DISPOSITION ON THE MERITS
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

On February 15, 2018, petitioners filed a timely application for writ of certiorari to review the Intermediate Court of Appeals' ("ICA") December 18, 2017 "Order Granting September 20, 2017 Motion to Dismiss Appeal for Lack of Appellate Jurisdiction and Dismissing as Moot All Other Pending Motions in Appellate Court Case Number CAAP-17-0000666" ("Dismissal Order").

Petitioners appealed from the following two post-judgment orders:

> (1)   the September 6, 2017 order granting the motion to set aside the final judgment and for a new trial; and
>
> (2)   the September 6, 2017 order denying the motion to disqualify counsel.

In the post-judgment context, a post-judgment order is appealable under HRS § 641-1(a) "if the order [disposes of all issues raised in a post-judgment motion], leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawaiʻi 153, 157, 80 P.3d 974, 978 (2003). The determinative factor for appealability of a HRCP Rule 60(b) post-judgment order under HRS § 641-1(a), therefore, is whether the post-judgment order disposes of all issues raised in the post-judgment motion, leaving nothing further to be accomplished with respect to the post-judgment motion. See Ditto, 103 Hawaiʻi at 157, 80 P.3d at 978.

The September 6, 2017 order granting the HRCP Rule 60(b) motion ended the post-judgment proceedings initiated by the motion. In this regard, the September 6, 2017 post-judgment order granting the HRCP Rule 60(b) motion is an appealable order under HRS § 641-1(a). Similarly, the September 6, 2017 post-judgment order denying the motion for disqualification of counsel is also appealable. The order disposed of all the issues raised in the post-judgment motion for disqualification of counsel, the post-judgment proceeding has ended, and nothing further is left to be accomplished with regard to that motion. The September 6, 2017 orders are appealable post-judgment orders under HRS § 641-1(a). The ICA erred in dismissing the appeal as premature. Accordingly,

2

IT IS HEREBY ORDERED that the application for writ of certiorari is accepted. The ICA's December 18, 2017 Dismissal Order is vacated, and the appeal is remanded to the ICA for disposition. Petitioners' request for oral argument is denied.

DATED: Honolulu, Hawai'i, March 20, 2018.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson