**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000229
17-OCT-2024
08:09 AM
Dkt. 59 MO**

NO. CAAP-24-0000229


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


GARY S. SUGANUMA,[1] DIRECTOR OF TAXATION, STATE OF HAWAII,
Appellant-Appellee,
v.
BLAKE GOODMAN and BLANCA GOODMAN,
Appellees-Appellants


APPEAL IN THE TAX APPEAL COURT OF THE STATE OF HAWAIʻI
(CASE NO. 1TX151000221)


**MEMORANDUM OPINION**
(By: Leonard, Acting Chief Judge, Hiraoka and Nakasone, JJ.)


Blake Goodman and Blanca Goodman (**Taxpayers**) claimed a Hawaii Revised Statutes (**HRS**) § 235-12.5(h) renewable energy technologies income tax credit of $17,250 on their 2012 return. The **Department** of Taxation reduced their credit by 30 percent under HRS § 235-12.5(g) and assessed $5,416.50 of additional tax and interest. Taxpayers appealed to the review board. The board ruled for Taxpayers. The **Director** of Taxation appealed to the Tax Appeal Court. The Tax Appeal Court disallowed the credit and ordered Taxpayers to pay additional tax of $17,250.[2] Taxpayers appeal from the Tax Appeal Court's March 15, 2024 **"Order**

---

[1]     Gary S. Suganuma, the current director of taxation, is substituted for former director Maria E. Zielinski under Hawaiʻi Rules of Appellate Procedure Rule 43(c)(1).

[2]     The Honorable Gary W.B. Chang presided.

Regarding Appellant Maria E. Zielinski, Director of Taxation, State of Hawaii's Motion for Summary Judgment Filed on May 18, 2017[.]"[3]  We hold that the Tax Appeal Court acted outside its jurisdiction by ordering Taxpayers to pay more than the amount of the assessment; affirm the Department's assessment; and remand to the Tax Appeal Court for further proceedings.

## I.  BACKGROUND

Taxpayers were married and filed a self-prepared joint return for the 2012 tax year.  According to the return, Blake Goodman worked as an attorney and Blanca Goodman worked as a paralegal.  Their 2012 adjusted gross income was $448,212.  Their tax liability was $33,473.  $8,221 had been withheld from income.  Their net tax liability was $25,252.  After deducting a $17,250 renewable energy technologies income tax credit, they owed $8,002 to the Department.

The Department audited the return and issued a Notice of Final Assessment of Income Tax for an additional $5,416.50.  The Department explained:

> The adjustments shown are made in accordance with the provisions of [HRS §] 235-12.5[.]  Adjustment is based on information obtained from Form N-342.
>
> A review of your 2012 Hawaii income showed that on Form N-342, line 42 you elected to treat the renewable energy technologies income tax credit as Refundable.  On line 43b you elected to treat the tax credit for a solar energy system as refundable because ALL of your income is exempt from Hawaii taxation or your Hawaii adjusted gross income is $20,000 or less ($40,000 or less if filing jointly).
>
> However, Form N-11, line 20 showed that your Hawaii adjusted gross income of [sic] $448,212.
>
> Therefore, we reduced your renewable energy technologies income tax credit by 30% because your Hawaii adjusted gross income exceeds $40,000.

---

[3]     The Tax Appeal Court also entered a judgment on March 15, 2024, but the judgment is superfluous.  Appeals from the Tax Appeal Court are taken under HRS § 232-19 from "the *decision* of the tax appeal court . . . that finally decides all issues in the tax appeal."  Alford v. City & Cnty. of Honolulu, 109 Hawaiʻi 14, 22, 122 P.3d 809, 817 (2005) (emphasis added).  HRS § 232-19 (2017) requires that these appeals be "speedily disposed of[.]"

> Please note that once an election on Form N-342, line 42 is made, it cannot be revoked or amended as provided under section 235-l2.5(g), [HRS].

Taxpayers appealed to the **Board** of Taxation Review. The Board concluded that the Form N-342, line 42 election was based on HRS § 235-12.5 subsection (f), not subsection (g), and subsection (f) does not state the election is irrevocable, although subsection (g) does. The Board ordered the Director to let Taxpayers choose between a refundable or non-refundable credit.

The Director appealed to the Tax Appeal Court and moved for summary judgment. During oral argument Blake Goodman argued he made a mistake because tax form N-342 was poorly drafted. He admitted not consulting the form's instructions; he relied on Turbo Tax. He did not read every line of the tax return before signing it. But he understood that *irrevocable* "meant there's no going back. There's no change in decision of . . . election."

Blanca Goodman thanked the court and said, "I trust my husband so — I don't know too much about law but I — I trust him and I just sign whatever he does[.]"

At the court's direction, the Director filed a supplemental memorandum explaining how the $5,416.50 final assessment had been calculated.

The court entered a minute order on November 14, 2023. The minute order was attached to the March 15, 2024 Order. The court ruled that Taxpayers' irrevocable election of a credit for which they were not eligible disqualified them from claiming the credit, and ordered that they pay the Director an additional $17,250 in income tax for tax year 2012. This appeal followed.

## II. STANDARDS OF REVIEW

"[I]n reviewing the decision and findings of the Tax Appeal Court, a presumption arises favoring its actions which should not be overturned without good and sufficient reason. The appellant has the burden of showing that the decision of the Tax Appeal Court was 'clearly erroneous.'" Alford v. City & Cnty. of

<u>Honolulu</u>, 109 Hawaiʻi 14, 20, 122 P.3d 809, 815 (2005).

We review questions of jurisdiction de novo. <u>Hawaii Government Employees Association, AFSCME Local 152 v. Lingle</u>, 124 Hawaiʻi 197, 201, 239 P.3d 1, 5 (2010).

Statutory interpretation is a question of law reviewed de novo. <u>Lingle</u>, 124 Hawaiʻi at 201-02, 239 P.3d at 5-6.

### III. POINT OF ERROR

Taxpayers state a single point of error: "The Tax Appeal Court erred as a matter of law and abused its discretion, when it decided that the applicable rules controlling this case are based on the Director's Tax Form N-342, instead of based on substantive Hawaii law."

### IV. DISCUSSION

#### A. The Tax Appeal Court Acted Outside its Jurisdiction

Taxpayers did not challenge the Tax Appeal Court's jurisdiction. To the Department's credit, it was raised in the answering brief. Lack of subject matter jurisdiction can never be waived, and if we perceive a jurisdictional defect we must take appropriate action. <u>See</u> <u>Ditto v. McCurdy</u>, 103 Hawaiʻi 153, 157, 80 P.3d 974, 978 (2003).

The Tax Appeal Court is not a circuit court established by HRS § 603-2 (2016); it is a court of limited jurisdiction established by HRS § 232-11 (2001). <u>Alford</u>, 109 Hawaiʻi at 21, 122 P.3d at 816.

> The jurisdiction of the tax appeal court is limited to the amount of . . . taxes . . . in dispute **as shown** on the one hand **by the amount claimed by the taxpayer** or county **and** on the other hand **by the amount of the assessment**, or if increased by the board, or equivalent county administrative body, the assessment as so increased.

HRS § 232-13 (2001) (emphasis added).

<u>Tax Appeal of Cnty. of Maui v. KM Haw. Inc.</u>, 81 Hawaiʻi 248, 915 P.2d 1349 (1996), involved the county's real property

tax assessment of the Hyatt Regency Maui.  A week before trial, the county disclosed it had assessed the hotel's property value using the market data method, rather than the replacement cost approach it used for other hotels in the county.  The replacement cost value calculated by the county was admitted into evidence. It was lower than the value stated in the taxpayer's notice of appeal.  The tax appeal court concluded the county's assessment was discriminatory, and reduced the assessed value based on the replacement cost approach — that is, below the value claimed by the Taxpayer's notice of appeal.

The county appealed, arguing that the tax appeal court exceeded its jurisdiction by lowering the assessed value below the amount claimed by the taxpayer in its notice of appeal.  The supreme court quoted the relevant part of HRS § 232-12 (1993)[4] and noted that the phrase *the amount claimed by the taxpayer* was not defined in HRS Chapter 232.  KM Hawaii, 81 Hawaiʻi at 253, 915 P.2d at 1354.  After analyzing statutes in pari materia and legislative history, the supreme court held that *the amount claimed by the taxpayer* was not limited to the amount stated by the taxpayer in its notice of appeal, but meant "whatever amount is supported by the evidence presented to the Tax Appeal Court, and HRS § 232-13 limits the jurisdiction of the Tax Appeal Court to that amount."  Id. at 255, 915 P.2d at 1356.

Here, the phrase *the amount of the assessment* is not subject to dispute.  It means the amount of the Department's assessment, unless increased by the review board or county equivalent.  HRS § 232-13.  According to the Department's Notice of Final Assessment of Income Tax, the amount of the assessment is $5,416.50.  The Tax Appeal Court's jurisdiction under HRS § 232-13 was limited to affirming either that assessment or the $17,250 credit claimed by Taxpayers.  The Tax Appeal Court acted outside its jurisdiction by increasing Taxpayers' tax liability to more than the amount of the assessment.

---

[4]    The version of the statute relevant to this appeal has not changed since KM Hawaii was decided.

### B.    Tax Form N-342 and its Instructions Are Consistent with HRS § 235-12.5

The substantive Hawaiʻi law controlling this case is HRS § 235-12.5.  The starting point for statutory interpretation is the language of the statute.  Lingle, 124 Hawaiʻi at 202, 239 P.3d at 6.  HRS § 235-12.5 (Supp. 2011) provides:

>      (a)    When the requirements of subsection (d) are met, each individual . . . taxpayer that files an individual . . . income tax return for a taxable year may claim a tax credit under this section against the Hawaii state individual . . . income tax. . . . The tax credit may be claimed as follows:
>
>      (1)    For each solar energy system: thirty-five per cent of the actual cost or the cap amount determined in subsection (b), whichever is less[.]
>
>      . . . .
>
>      (b)    The amount of credit allowed for each eligible renewable energy technology system shall not exceed the applicable cap amount, which is determined as follows:
>
>      . . . .
>
>      (2)    For all . . . solar energy systems [other than those the primary purpose of which is to use energy from the sun to heat water for household use], the cap amounts shall be:
>
>      (A)    $5,000 per system for single-family residential property[.]
>
>      . . . .
>
>      (d)    For taxable years beginning after December 31, 2005, the dollar amount of any utility rebate shall be deducted from the cost of the qualifying system and its installation before applying the state tax credit.

The Department did not dispute that the actual cost of Taxpayers' solar energy system was $18,025.  Thirty-five percent of that cost under HRS § 235-12.5(a)(1) is $11,716.25.  That is more than the $5,000 cap imposed by HRS § 235-12.5(b)(2)(A).  Taxpayers should only have claimed a $5,000 credit.  They entered that amount on line 26 of their 2012 Form N-342, but not on their Schedule CR or on line 32 of their Form N-11 tax return.  The Department waived this issue.

HRS § 235-12.5 continues:

     (f)   If the tax credit under this section exceeds the taxpayer's income tax liability, the excess of the credit over liability may be used as a credit against the taxpayer's income tax liability in subsequent years until exhausted, unless otherwise elected by the taxpayer pursuant to subsection (g) or (h). . . . Failure to comply with this subsection shall constitute a waiver of the right to claim the credit.

     (g)   For solar energy systems, a taxpayer may elect to reduce the eligible credit amount by thirty per cent and if this reduced amount exceeds the amount of income tax payment due from the taxpayer, the excess of the credit amount over payments due shall be refunded to the taxpayer; provided that tax credit amounts properly claimed by a taxpayer who has no income tax liability shall be paid to the taxpayer; and provided further that no refund on account of the tax credit allowed by this section shall be made for amounts less than $1.

     The election required by this subsection shall be made in a manner prescribed by the director on the taxpayer's return for the taxable year in which the system is installed and placed in service. . . . An election once made is irrevocable.

     (h)   Notwithstanding subsection (g), for any renewable energy technology system, an individual taxpayer may elect to have any excess of the credit over payments due refunded to the taxpayer, if:

     (1)   All of the taxpayer's income is exempt from taxation under section 235-7(a)(2) or (3); or

     (2)   The taxpayer's adjusted gross income is $20,000 or less (or $40,000 or less if filing a tax return as married filing jointly);

provided that tax credits properly claimed by a taxpayer who has no income tax liability shall be paid to the taxpayer; and provided further that no refund on account of the tax credit allowed by this section shall be made for amounts less than $1.

     . . . .

     The election required by this subsection shall be made in a manner prescribed by the director on the taxpayer's return for the taxable year in which the system is installed and placed in service. . . . An election once made is irrevocable.

These subsections only apply to taxpayers whose credit exceeds their net tax liability.  Under subsection (f) the excess credit is saved and applied to future tax liability; this is the *nonrefundable* election because the excess credit is not refunded. But it is not lost, because it is applied to future tax

7

liability.  Under subsections (g) and (h) the excess credit is refunded to the taxpayer; this is the *refundable* election.  Any taxpayer is eligible for the subsection (g) refund, but the credit goes down by 30 percent.  Only taxpayers with no tax liability are eligible for the subsection (h) refund with no reduction of the credit.

Taxpayers elected the refundable subsection (h) credit.  The manner prescribed by the Director for electing the credit was Form N-342.  Taxpayers' 2012 Form N-342 as completed stated:

> **IRREVOCABLE ELECTION ON HOW TO TREAT THE TAX CREDIT**  THIS SECTION MUST BE COMPLETED.
>
> 42.  I elect to treat the tax credit as: (check only one box)  Note: Once an election is made, it cannot be revoked or amended.
>
>   ☒ a.  Refundable (Go to line 43 and complete lines 43 through 47; skip lines 48 through 55.)
>
>   ☐ b.  Nonrefundable (Go to line 48 and complete lines 48 through 55; skip lines 43 through 47.)
>
> **REFUNDABLE TAX CREDIT**  Complete this section if you checked the box on line 42a.
>
> 43.  Check the appropriate box:
>
>   ☐ a.  I elect to treat the tax credit for a solar energy system as refundable.  The amount of the tax credit will be reduced by 30%.
>
>   ☒ b.  I elect to treat the tax credit for a solar energy system or a wind-powered energy system as refundable.  ALL of my income is exempt from Hawaii taxation under a public retirement system or received in the form of a pension for past services or my Hawaii adjusted gross income is $20,000 or less (S40,000 or less if filing jointly).
>
> . . . .
>
> 47.  If you checked the box on line 43(b), enter the amount from line 14, 26, 39, 40, or 41.  This is your refundable renewable energy technologies income tax credit.  Enter this amount, rounded to the nearest dollar, on the appropriate line on Schedule CR or Form N-13, whichever is applicable.

Taxpayers entered "5000" (the cap amount) on line 47, but not on their Schedule CR or their Form N-11 tax return.  2012 Form N-342 was not poorly drafted, as Taxpayers contend.  They

just did not complete it properly.  Blake Goodman blamed Turbo Tax, and admitted not reading the Form N-342 instructions.  The instructions for Form N-342 (Rev. 2012) stated:

> A taxpayer may elect to treat the tax credit as nonrefundable or refundable.  ***If a taxpayer elects to treat the tax credit as nonrefundable, the tax credit allowed shall be claimed against the net income tax liability for the taxable year***.  A tax credit that exceeds the taxpayer's income tax liability may be used as a credit against the taxpayer's income tax liability in subsequent years until exhausted.  ***A taxpayer may elect to treat the tax credit as refundable under the following circumstances:***
>
> - For solar energy systems, a taxpayer may elect to reduce the eligible credit amount by 30%.  If this reduced amount exceeds the amount of income tax payment due from the taxpayer, the excess of the credit amount over payments due will be refunded to the taxpayer.
>
> - For any renewable energy technology system, an individual taxpayer may elect to have any excess of the credit over payments due refunded to the taxpayer without any further reduction ***if (1) ALL of the taxpayer's income is exempt from taxation*** under section 235-7(a)(2), Hawaii Revised Statues [sic] (HRS), i.e., distributions from a public retirement plan or system, or section 235-7(a)(3), HRS, i.e., any compensation received in the form of a pension for past services; ***or*** (2) ***the taxpayer has Hawaii adjusted gross income of $20,000 or less (or $40,000 or less if filing a tax return as married filing jointly)***.
>
> A husband and wife who do not file a joint tax return shall only be entitled to make this election to the extent that they would have been entitled to make the election had they filed a joint tax return.
>
> A separate election may be made for each separate system that generates a tax credit.  **Once an election is made to treat the tax credit as nonrefundable or refundable, the election cannot be revoked.**  An amended return cannot be filed to change the tax credit from nonrefundable to refundable or from refundable to nonrefundable.

(Bold italics added.)

A reasonable person in Taxpayers' position who read the instructions would have understood that their only option was to elect the *nonrefundable* credit — their credit amount being less than their tax liability, there would be no excess credit to refund.  But Taxpayers elected a *refundable* credit to which they were not entitled (because their income was not exempt from taxation and exceeded $40,000).  The Department could have

9

disallowed any credit, as did the Tax Court.  But it didn't.  It decided to treat Taxpayers as having checked box 43.a instead of 43.b, reduced their claimed credit by 30 percent, and assessed the $5,416.50 difference (including interest).  Under these circumstances, the Tax Appeal Court should have affirmed the Department's Notice of Final Assessment of Income Tax for $5,416.50.

## V.  CONCLUSION

We vacate the March 15, 2024 "Order Regarding Appellant Maria E. Zielinski, Director of Taxation, State of Hawaii's Motion for Summary Judgment Filed on May 18, 2017" and the March 15, 2024 "Final Judgment Re: Order Regarding Appellant Maria E. Zielinski, Director of Taxation, State of Hawaii's Motion for Summary Judgment Filed on May 18, 2017" and remand to the Tax Appeal Court for further proceedings consistent with this memorandum opinion.

DATED:  Honolulu, Hawaiʻi, October 17, 2024.

On the briefs:

Blake Goodman,
Blanca Goodman,
Self-represented
Appellees-Appellants.

Nathan S.C. Chee,
Cynthia M. Johiro,
Joshua J. Michaels,
Deputy Attorneys General,
for Appellant-Appellee
Gary S. Suganuma, Director
of Taxation, Department of
Taxation, State of Hawaiʻi.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge