**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000738
23-MAY-2025
08:16 AM
Dkt. 185 SO**

NO. CAAP-22-0000738

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JULIE LYNN WILCOX, as Personal Representative of the
Estate of MARY JACQUELINE SCHEIBEL; MENEHUNE VENTURES, LLC;
WORTHY CLAY SCOTT; and NICK BRABER, Plaintiffs/Counterclaim
Defendants-Appellees,
v.
SHERRY McGANN, Defendant/Counterclaimant-Appellant, and
CELESTIAL PROPERTIES, LLC, Defendant-Appellee, and DOES 1-20,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC181000206)

### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Sherry **McGann**, representing herself, appeals from the
December 12, 2022 *Order Granting Plaintiffs' Motion for
Reimbursement of Reasonable Attorney's Fees and Costs* (**Fee Order**)
entered by the Circuit Court of the Second Circuit.[1]  We vacate
and remand for further proceedings.

Mary Jacqueline **Scheibel**,[2] **Menehune Ventures**, LLC,
Worthy Clay **Scott**, and Nick **Braber** (collectively, **Plaintiffs**)
sued McGann and **Celestial Properties**, LLC on May 9, 2018.  The

---

[1]     The Honorable Peter T. Cahill presided.

[2]     Scheibel died on May 3, 2021.  Julie Lynn **Wilcox**, the personal
representative of Scheibel's estate, was substituted for Scheibel consistent
with Hawai'i Rules of Appellate Procedure Rule 43(a).

complaint alleged that McGann and Celestial Properties were operating illegal short-term rental and bed-and-breakfast homes on land zoned for agriculture, and sought to enjoin the uses. Celestial Properties was defaulted and never appeared.

The circuit court held an eight-day trial. Findings of fact and conclusions of law were entered on May 30, 2019. An order granting a permanent injunction against McGann and Celestial Properties was also entered on May 30, 2019. The **Final Judgment** for Plaintiffs and against McGann and Celestial Properties was entered on August 7, 2019.

Plaintiffs moved for an award of attorneys fees and costs on August 23, 2019 (**Fee Motion**). The hearing was set for October 18, 2019. On October 17, 2019, McGann filed a petition under Chapter 11 of the Bankruptcy Code, creating In re McGann, No. 19-18971-EEB (Bankr. D. Colo.) (**Chapter 11 Case**).[3] This triggered an automatic stay of proceedings against McGann under 11 U.S.C. § 362. The bankruptcy court entered an order granting Plaintiffs relief from the automatic stay on May 4, 2020. The Fee Motion was reset for hearing on February 3, 2021. The bankruptcy court dismissed the Chapter 11 Case on September 1, 2020.

On December 22, 2020, McGann filed a petition under Chapter 7 of the Bankruptcy Code, creating In re McGann, No. 20-18118-EEB (Bankr. D. Colo.) (**Chapter 7 Case**). McGann received a discharge on March 31, 2021. On July 25, 2022, Plaintiffs filed in the circuit court a certified copy of the Chapter 7 Case order granting a motion by Menehune Ventures and Braber [the **Braber Plaintiffs**] for relief from the automatic stay. The order stated:

> the relief sought by the Motion for Relief from Stay is
> GRANTED and Movants, *Menehune Ventures, LLC,* and *Nick
> Braber*, are hereby granted relief from stay to proceed with

---

[3]     We take judicial notice under Rule 201, Hawaii Rules of Evidence, Chapter 626, Hawaii Revised Statutes, of the bankruptcy court documents filed in Volk Pacific Builders, Inc. v. Celestial Properties, LLC, Judiciary Information Management Systems No. CAAP-18-0000023.

> litigation against Sherry Ann McGann and Celestial
> Properties in Civil Case Number 18-1-0206(2), Mary J.
> Scheibel, Menehune Ventures, LLC, Worthy Clat [sic] Scott,
> and Nick Braber v. Celestial Properties, Sherry Ann McGann,
> and Does 1-20.

(Emphasis added.)

Scott filed a document in the circuit court on September 20, 2022. It stated: "I am entitled to reimbursement of my 1/4 share of the attorney fees and costs in this matter and request that the Court grant my request. Please be advised that [Scheibel] is deceased." The record does not contain an order in the Chapter 7 Case lifting the automatic stay as to Scott or Scheibel.

The Fee Order was entered on December 12, 2022. It awarded $154,845.38 in fees and costs, to be paid "to Plaintiffs within thirty (30) days of the entry of the Order on this Motion*" and provided:

> *From any sum collected by pltfs from defendants 50% is to
> be paid to Menehune Ventures, LLC and Nick Braber, 25% to
> Worthy Clay Scott and 25% to Mary J. Scheibel.

McGann filed her notice of appeal on December 16, 2022. We have jurisdiction because the Fee Order was a post-judgment order that ended proceedings on the Fee Motion, leaving nothing further to be accomplished. Ditto v. McCurdy, 103 Hawaiʻi 153, 157, 80 P.3d 974, 978 (2003).

On April 21, 2025, we ordered supplemental briefing on this issue:

> Was the Order Granting Fees entered in violation of the
> bankruptcy stay in Case No. 20-18118-EEB to the extent it
> awarded attorney fees and costs to Scheibel and Scott and,
> if so, what is the legal effect of the violation?

Supplemental briefs were filed by McGann, the Braber Plaintiffs, and Wilcox.

Without citing legal authority, Wilcox argues that the bankruptcy court's May 4, 2020 order granting relief from the automatic stay in the Chapter 11 case applied to the Chapter 7

3

case.  It did not.  Wilcox didn't seek relief from the automatic stay in the Chapter 7 case on Scheibel's behalf.  The circuit court's Fee Order awarding Scheibel attorneys fees thus violated the automatic stay.

In the Tenth Circuit, of which Colorado is part, a debtor's creditors have an affirmative duty to conform their conduct to the automatic stay.  See In re Pulliam, 262 B.R. 539, 543 (Bankr. D. Kan. 2001) (creditor who initiated collection efforts without knowledge of bankruptcy had affirmative duty to restore status quo without debtor having to seek relief from bankruptcy court).  The pre-petition Fee Motion, supplement, and reply memorandum did not specify the respective amounts paid by Scheibel, Scott, or the Braber Plaintiffs to their common attorney.  Nor did Plaintiffs specify the amount each paid to reimburse their attorney for costs advanced.  After the Braber Plaintiffs obtained the order terminating the automatic stay as to them, they should have amended the Fee Motion to specify the amount of fees and costs they paid — which were encompassed within the order lifting the automatic stay — as opposed to fees and costs paid by Scheibel and Scott, which were not.  They did not.  The circuit court thus ordered that half the amount collected from McGann[4] under the Fee Order be paid to Scheibel and Scott, in violation of 11 U.S.C. § 362.

"The law in the Tenth Circuit is clear that actions taken in violation of the automatic stay are void ab initio; that is, they are without legal effect."  In re C.W. Min. Co., 477 B.R. 176, 191 (B.A.P. 10th Cir. 2012).  The Braber Plaintiffs argue the Fee Order is valid as to them, and "should be revised to include a fee award in the *entire amount* to the Braber Plaintiffs only" (emphasis added).  But that would be contrary to Scott's claim, to which the Braber Plaintiffs did not object, that he paid 1/4 of the fees being claimed.  The Braber

---

[4]     McGann and Celestial Properties were jointly and severally liable under the Fee Order.

Plaintiffs violated the automatic stay by seeking to recover attorneys fees from McGann that were actually paid by Scott and Scheibel. They cite no authority for the proposition that an order in partial violation of the automatic stay is only partially void.

We vacate the *Order Granting Plaintiffs' Motion for Reimbursement of Reasonable Attorney's Fees and Costs* entered by the circuit court on December 12, 2022, and remand for further proceedings consistent with this summary disposition order. All pending motions are denied.

DATED: Honolulu, Hawaiʻi, May 23, 2025.

On the briefs:

Sherry McGann,
Self-represented
Defendant/Counterclaimant-
Appellant.

Gloria N. Buckingham,
for Plaintiff/Counterclaim
Defendant-Appellee Julie
Lynn Wilcox, as Personal
Representative of the
Estate of Mary Jacqueline
Scheibel.

Leighton M. Hara,
Kallista N. Hiraoka,
for Plaintiffs/Counterclaim
Defendants-Appellees Nick
Braber and Menehune Ventures,
LLC.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge