NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000070
06-JUN-2025
07:57 AM
Dkt. 98 SO

NO. CAAP-23-0000070

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

HUI HOʻOPULAPULA NĀ WAI O PUNA, Plaintiff-Appellant/
Cross-Appellee, v. DEPARTMENT OF LAND AND NATURAL RESOURCES,
STATE OF HAWAIʻI and BOARD OF LAND AND NATURAL RESOURCES,
STATE OF HAWAIʻI, Defendants-Appellees/Cross-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-22-0000525)

## SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

**Hui** Hoʻopulapula Nā Wai O Puna appeals, and the Board
of Land and Natural Resources (**BLNR**) and Department of Land and
Natural Resources (**DLNR**) (together, **State**) cross-appeal, from the
*Amended Final Judgment* entered by the Circuit Court of the First
Circuit.[1]  The circuit court ruled it did not have subject matter
jurisdiction over the case.  The parties challenge different
aspects of the January 9, 2023 *Findings of Fact, Conclusions of
Law, and Order Granting Defendant's Motion for Summary Judgment
and Denying Plaintiff's Motion for Summary Judgment*.  We hold the
circuit court had subject matter jurisdiction, vacate the Amended
Final Judgment, and remand for further proceedings.

---

[1]     The Honorable John M. Tonaki presided.

**Background**

The Hui sued the State on May 4, 2022. It sought declarations that (1) BLNR violated Hawaii Revised Statutes (**HRS**) § 171-55 and its Haw. Const. art. XI, §§ 1, 7 public trust duties by continuing a one-year revocable permit (**RP 7340**) issued to Kauaʻi Island Utility Cooperative (**KIUC**) for calendar year 2022, and (2) the continued RP 7340 was "legally invalid and void."[2] It also sought "any necessary and appropriate injunctive relief."

The Hui and the State filed cross-motions for summary judgment. The Hui's motion argued that BLNR's continuation of RP 7340 was invalid because BLNR failed to make findings of fact and conclusions of law; failed to require KIUC to show an actual need for stream water; continued the permit for the sake of KIUC's interest in obtaining a long-term water lease; and abdicated its legal duties by not making an independent inquiry or analysis of protection and mitigation measures.

The State's motion argued that the Hui failed to exhaust its administrative remedies by formally requesting a contested case hearing on KIUC's application to continue RP 7340; the Hui's claims were barred under the primary jurisdiction doctrine; and the Hui was afforded due process.

The cross-motions were heard on November 30, 2022. The circuit court took them under advisement. The court entered findings of fact, conclusions of law, and an order denying the Hui's motion for summary judgment and granting the State's motion for summary judgment on January 9, 2023. The court found:

> 10. On December 10, 2021, [BLNR] considered whether to continue RP 7340 at its publicly noticed meeting.
>
> 11. During the meeting, [BLNR] took testimony from KIUC, members of the Hui, and other members of the public concerning continuation of RP 7340.

---

[2] The HUI did not name KIUC, the permittee, as a defendant. The State asserted failure to name indispensable parties as an affirmative defense, but the State didn't move for relief under Hawaiʻi Rules of Civil Procedure Rule 19 (Joinder of Persons Needed for Just Adjudication).

12.    [BLNR] voted to renew RP 7340 without first entering any findings of fact and conclusions of law supporting permit renewal, and without issuing any findings that continuing the permit was in the best interests of the State for the 2022 calendar year, and whether continuing the permit complies with the public trust doctrine[.]

13.    [BLNR] also denied the Hui's oral request for a contested case hearing.

14.    [The Hui] did not avail itself of the statutory process for judicial review of a decision in a contested case provided for under Hawaii Administrative Rules § 13-1-29 and [HRS §] 91-14.

15.    Instead, [the Hui] filed an original complaint for declaratory and injunctive relief in the Environmental Court of the First Circuit, in which [it] seeks invalidation of permit RP 7340 issued by the Board on December 10, 2021 for the year 2022.

The court concluded:

3.    In order to seek judicial review of [BLNR]'s continuation of RP 7340, it was a requirement that [the Hui] institute proceedings for review in the circuit court or, if applicable, the environmental court, within thirty days after the preliminary ruling or within thirty days after service of the certified copy of the final decision and order of the agency.  H.R.S. § 91-14(b).

4.    Where a statutory avenue for appeal of an agency decision is available, an original action for declaratory judgment does not lie.  Koʻolau Agr. Co. v. Commission on Water Res. Mgmt., 83 Haw. 484[], 492-93 (1996).

5.    [The Hui]'s failure to proceed under the statutory process for review of an agency decision under H.R.S. Chapter 91 divests the court of authority to issue an order for declaratory and injunctive relief.

A judgment for BLNR and against the Hui was entered on January 25, 2023.  This appeal and cross-appeal followed.  The Amended Final Judgment for the State and against the Hui was entered on November 29, 2023, on a temporary remand.

**Standards of Review**

A circuit court's decisions on motions for summary judgment, statutory interpretation, and subject matter jurisdiction are reviewed de novo under the right/wrong standard.

3

Tax Found. of Haw. v. State, 144 Hawaiʻi 175, 185–86, 439 P.3d 127, 137–38 (2019).

**Discussion**

The circuit court concluded it did not have subject matter jurisdiction over the Hui's declaratory judgment action; it did not reach the merits of the Hui's claims. Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 12(h)(3) requires dismissal when subject matter jurisdiction is lacking.[3] The circuit court should have entered an order dismissing the case rather than an order granting summary judgment and a judgment. Mobley v. Kimura, 146 Hawaiʻi 311, 325 n.23, 463 P.3d 968, 982 n.23 (2020) (stating that when circuit court dismissed complaint for failure to meet tort threshold, its order should have indicated a "dismissal" rather than a grant of "partial summary judgment").

**(1)** The Hui contends the circuit court erred by concluding that its "failure to proceed under the statutory process for review of an agency decision under [HRS] Chapter 91 divests the court of authority to issue an order for declaratory and injunctive relief."[4] The argument has merit.

The circuit court relied on Koʻolau Agricultural Co. v. Commission on Water Resource Management, 83 Hawaiʻi 484, 927 P.2d 1367 (1996). There, the Commission on Water Resource Management (**CWRM**) had designated five aquifers as water management areas under the State Water Code, HRS Chapter 174C. Koʻolau Ag sued CWRM for a declaration that CWRM misapplied the statutory designation criteria. CWRM moved to dismiss. The circuit court granted the motion. Koʻolau Ag appealed. It "recharacterize[d] its claims as allegations of improper rulemaking" and argued the

---

[3]     HRCP Rule 12(h)(3) (eff. 2000) provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

[4]     The Hui's statement of the points of error does not identify the circuit court's denial of the Hui's motion for summary judgment as error.

circuit court had jurisdiction under HRS § 91-7, which provided for declaratory judgments "as to the validity of an agency rule[.]" Id. at 489, 927 P.2d at 1372. The supreme court dismissed the argument, noticing that Koʻolau Ag actually sought "invalidation of the [water management area] designation." Id.

The supreme court then analyzed HRS § 174C-46. That statute made CWRM's water management area designations "final *unless judicially appealed*." Id. at 487, 927 P.2d at 1370. The supreme court held that by enacting HRS § 174C-46,

> the legislature obviously intended an appeal as the exclusive means of obtaining judicial review of a [water management area] designation decision. It is well established that where a **statutory avenue for appeal of an agency decision** is available, an original action for declaratory judgment does not lie.

Id. at 492-93, 927 P.2d at 1375-76 (emphasis added).

Here, BLNR's decision to continue KIUC's revocable permit was made under HRS § 171-55 in a public meeting. See Carmichael v. Bd. of Land & Nat. Res., 150 Hawaiʻi 547, 563, 506 P.3d 211, 227 (2022) (stating that "HRS § 171-55 potentially authorized the BLNR to continue the revocable permits"). HRS § 171-55 (2011) provided:

> Notwithstanding any other law to the contrary, the board of land and natural resources may issue permits for the temporary occupancy of state lands or an interest therein on a month-to-month basis by direct negotiation without public auction, under conditions and rent which will serve the best interests of the State, subject, however, to those restrictions as may from time to time be expressly imposed by the board. A permit on a month-to-month basis may continue for a period not to exceed one year from the date of its issuance; provided that the board may allow the permit to continue on a month-to-month basis for additional one year periods.

Unlike HRS § 174C-46 (at issue in Koʻolau Ag), HRS § 171-55 does not create a statutory avenue for appealing BLNR's decision to continue a permit. The Hui could not have appealed BLNR's decision under HRS § 91-14 because it was made during a

public meeting, not after a contested case.[5]  Such decisions are subject to declaratory judgments under HRS § 632-1, provided the other statutory elements are met; the HRS § 632-1(b) proviso that "[w]here however, a statute provides a special form of remedy for a specific type of case, that statutory remedy shall be followed" doesn't apply here.

For example, in Carmichael, BLNR approved continuations of permits under HRS § 171-55 in a public meeting.  Carmichael sued for a declaration that preparation of an environmental assessment under the Hawaiʻi Environmental Policy Act, HRS Chapter 343 (**HEPA**) was required.  The supreme court declared: "Given the significant environmental impact of the permitted action, the BLNR's authority to issue revocable permits is subject to the environmental review requirements of HEPA."  150 Hawaiʻi at 553, 506 P.3d at 217.  The supreme court was obligated to ensure it had jurisdiction over the case and to dismiss the appeal on its own if it concluded it lacked jurisdiction.  See Ditto v. McCurdy, 103 Hawaiʻi 153, 157, 80 P.3d 974, 978 (2003).  No issue of jurisdiction was raised at any level of the proceeding, indicating that courts have jurisdiction over declaratory judgment actions concerning BLNR decisions under HRS § 171-55.

The circuit court erred by concluding it did not have jurisdiction over the Hui's action for declaratory and injunctive relief.[6]

**(2)**  The State contends the circuit court erred by making finding of fact no. 12, "finding that [BLNR] did not issue findings that continuing the permit was in the best interests of the state or about whether the permit complies with the public

---

[5]    The Hui could have appealed BLNR's denial of a formal request for a contested case hearing under HRS § 91-14, Kaleikini v. Thielen, 124 Hawaiʻi 1, 26, 237 P.3d 1067, 1092 (2010), but requesting a contested case is not a prerequisite to seeking declaratory relief under HRS § 632-1.

[6]    We express no opinion whether KIUC is a necessary or indispensable party to the action below under HRCP Rule 19.

trust doctrine" after concluding it had no jurisdiction over the Hui's lawsuit.

A court deciding a motion for summary judgment for lack of subject matter jurisdiction may resolve factual disputes over the existence of jurisdiction. Cf. Yamane v. Pohlson, 111 Hawaiʻi 74, 81, 137 P.3d 980, 987 (2006) (discussing procedure on HRCP Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction). Here, finding of fact no. 12 was one of six findings (nos. 10-15) material to the circuit court's conclusions of law nos. 3-5 — that it lacked subject matter jurisdiction because the Hui didn't take the steps necessary to appeal BLNR's decision under HRS § 91-14.

The Hui incorrectly characterizes finding of fact no. 12 as a conclusion of law. The circuit court found:

> 12. [BLNR] voted to renew RP 7340 without first entering any findings of fact and conclusions of law supporting permit renewal, and without issuing any findings that continuing the permit was in the best interests of the State for the 2022 calendar year, and whether continuing the permit complies with the public trust doctrine[.]

This was not a conclusion of law. It was not even a mixed finding and conclusion. It makes no legal conclusion about BLNR's duties when making decisions during public meetings, or about whether BLNR breached a legal duty under the circumstances of this case.[7]

---

[7] The Hui relies on Carmichael to argue that if BLNR doesn't "render specific findings of fact and conclusions of law" it doesn't "comply with HRS § 171-55 or its public trust obligations." But see Frankel v. Bd. of Land & Nat. Res., 155 Hawaiʻi 358, 379, 564 P.3d 1157, 1178 (App. 2025) ("[E]ven in the absence of explicit public trust findings in the agency's decision, the decision may nonetheless be upheld if the *public record* reflects an application of the public trust principles." (emphasis added) (citing In re Maui Elec. Co., 150 Hawaiʻi 528, 540, 506 P.3d 192, 204 (2022)), application for cert. filed, No. SCWC-20-0000603 (Haw. May 2, 2025); Sierra Club v. Bd. of Land & Nat. Res., 154 Hawaiʻi 264, 282 n.19, 550 P.3d 230, 248 n.19 (App. 2024) ("We note that for decisions made during a public meeting, rather than after a contested case hearing, BLNR could refer to its staff submittals or other evidence in the meeting record to support its decision. The meeting record and minutes should be sufficient for an appellate court to track the agency's steps."), cert. granted, No. SCWC-22-0000516, 2024 WL 3378462 (Haw. July 11, 2024).

### Conclusion

The circuit court's *Amended Final Judgment*, entered on November 29, 2023, is vacated.  This case is remanded to the circuit court for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, June 6, 2025.

On the briefs:

Isaac H. Moriwake,
Leināʻala L. Ley,
for Plaintiff-Appellant.

Colin J. Lau,
Miranda C. Steed,
Deputy Attorneys General,
Department of the Attorney
General, State of Hawaiʻi,
for Defendants-Appellees.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge