**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000634
10-JUN-2026
10:21 AM
Dkt. 84 SO**

NO. CAAP-24-0000634

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CURRENA TOMIE MEYERS, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CASE NO. 3DTA-24-00558)

<u>**SUMMARY DISPOSITION ORDER**</u>
(By: Hiraoka, Presiding Judge, Wadsworth and Guidry, JJ.)

Defendant-Appellant Currena Tomie Meyers (**Meyers**)

appeals from the District Court of the Third Circuit's (**district

court**) September 20, 2024 "Findings Of Fact and Conclusions of

Law and Order Denying [Meyers'] Motion to Strike Proof of

Compliance Hearings Filed August 7, 2024" (**Compliance Order**).[1]

---

[1] The Honorable David R. Harada-Stone presided over entry of the Compliance Order, and the "Amended Judgment and Notice of Entry of Amended Judgment as to Drug Demand Reduction Fee" (**Amended Judgment**), filed on December 19, 2024. The Honorable Ann S. Datta presided over the entry of the

(continued . . .)

On July 10, 2024, Plaintiff-Appellee State of Hawaiʻi (**State**) filed an Amended Complaint charging Meyers with operating a vehicle under the influence of an intoxicant (**OVUII**) as a highly intoxicated driver, in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1), (a)(3), and/or (b)(4) (2020 & Supp. 2023) (**Count 1**), and operating an uninsured motor vehicle in violation of HRS § 431:10C-104(a) (2019) (**Count 2**). Meyers entered into a plea agreement with the State, whereby Meyers pled no contest to the Count I charge of OVUII, but without the highly intoxicated driver enhancement, and the State dismissed Count 2 with prejudice. The district court accepted Meyers' plea and entered its Judgment on August 5, 2024.

The Judgment ordered Meyers to complete a substance abuse assessment, classes, and any recommended treatment, and to pay, inter alia, a $250 drug demand reduction fee. The fee was "taken under advisement for 1 year and subject to be waived on condition of successful completion of required substance abuse assessment, classes, and any recommended treatment." Meyers was ordered to appear on October 17, 2024, for a proof of compliance hearing.

---

[2](. . . continued)
"Judgment and Notice of Entry of Judgment" (**Judgment**), filed on August 5, 2024.

On August 7, 2024, Meyers moved to strike the compliance hearing. The State opposed the motion to strike. The district court denied the motion to strike, and entered the Compliance Order; Meyers appealed from the Compliance Order, creating this appeal.

At the October 17, 2024 proof of compliance hearing, the district court found that Meyers had completed the substance abuse assessment, but still needed to complete the outpatient program and classes recommended by the assessment. The district court continued the hearing to December 19, 2024 to allow Meyers additional time to complete the classes. On November 29, 2024, the Division of Driver Education (**DDE**) reported that Meyers had completed the required substance abuse outpatient program and classes. On December 19, 2024, following the continued hearing, the district court entered its Amended Judgment. The Amended Judgment stated that: Meyers "is in full compliance with driver's education requirements as well as fines and fees. Court waived the $250.00 drug demand reduction fee that was previously taken under advisement. Court will take no further action."

On appeal, Meyers raises a single point of error, contending that the district court erred "by creating an unauthorized probation-type sentencing disposition with endless proof-of-compliance hearings to ensure [Meyers] followed through

on the substance abuse assessment and classes." (Formatting altered.) Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we address Meyers' point of error as follows.

We first address the matter of our jurisdiction over the appeal. Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003). As in State v. Rivero-Garcia, No. CAAP-24-0000637, 2026 WL 1582067, at *2-3 (Haw. App. June 3, 2026), we conclude that we have jurisdiction, pursuant to the collateral order doctrine, over the district court's Compliance Order. Here, the Compliance Order "fully dispose[d] of the question at issue," State v. Baranco, 77 Hawai'i 351, 353-54, 884 P.2d 729, 731-32 (1994), of whether the district court was authorized to order compliance review hearings under HRS § 291E-61(b) (2020), which states that "[a] person committing the offense of [OVUII] shall be sentenced without possibility of probation or suspension of sentence[.]" The Compliance Order also "resolve[d] an issue completely collateral to the merits of the case," i.e., Meyers' conviction and sentencing. Baranco, 77 Hawai'i at 354, 884 P.3d at 732. And the Compliance Order "involve[d] important rights which would be irreparably lost if review had to await a final judgment" because Meyers' appeal from the Compliance Order could

4

become moot once a sentence finalizing the drug demand reduction fee was entered.  Id.

Turning to the merits, we further conclude, as we did in Rivero-Garcia, that the district court exceeded its authority under HRS § 291E-61(h) (2020) by requiring Meyers to appear for compliance review hearings.

HRS § 291E-61 (Supp. 2023) governs the district court's referral of a person convicted of OVUII for substance abuse assessment and treatment by a certified substance abuse counselor.  The statute provides that "[a]ll costs for assessment and treatment shall be borne by the offender."  HRS § 291E-61(h).  DDE shall submit the counselor's report and recommendations to the court, and the court "shall require the offender to obtain appropriate treatment if the counselor's assessment establishes the offender's substance abuse or dependence."  Id.  The statute does not, however, authorize the district court to set compliance review hearings, akin to terms and conditions of probation, which would "upend[] the statutory process."  State v. Fay, 154 Hawaiʻi 305, 308, 550 P.3d 1163, 1166 (2024).

HRS § 706-650 (Supp. 2016) requires the district court to impose the $250 drug demand reduction assessment "when the person has been found guilty of an offense under section . . . 291E-61."  HRS § 706-650(2)(e) (2014).  This statute provides

that, "[i]f the person undergoes a substance abuse treatment program at the person's expense, the court may waive or reduce the amount of the monetary assessment."  HRS § 706-650(5) (Supp. 2016).

After accepting Meyers' no contest plea to OVUII, the district court could, as one possible alternative, have sentenced Meyers to complete a substance abuse assessment and any recommended treatment, and to pay the statutory drug demand reduction assessment, to be reimbursed under HRS § 706-650(5)[2] if and when DDE reported that no substance abuse treatment was recommended or that Meyers had paid for and completed recommended treatment.  That would have been a final sentence, with no post-judgment compliance hearing required.

For the foregoing reasons, we reverse the Compliance Order.

DATED: Honolulu, Hawaiʻi, June 10, 2026.

| On the briefs: | /s/ Keith K. Hiraoka<br>Presiding Judge |
|---|---|
| Benjamin E. Lowenthal,<br>Sara K. Haley,<br>Deputy Public Defenders,<br>for Defendant-Appellant. | /s/ Clyde J. Wadsworth<br>Associate Judge |
| Charles E. Murray, III,<br>Deputy Prosecuting Attorney,<br>County of Hawaiʻi,<br>for Plaintiff-Appellee. | /s/ Kimberly T. Guidry<br>Associate Judge |

---

[2]    Reimbursement could be paid from the drug demand reduction assessments special fund established under HRS § 706-650(3) (2014).